UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| v. | * | **SECTION: "S"** |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

## WARLITO TAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY RELATED TO HIS TO DISMISS INDICTMENT DUE TO CONSTITUTIONAL AND STATUTORY VIOLATIONS

NOW COMES defendant Warlito Tan and submits this memorandum of law in support of his motion to compel the government to produce in discovery the following documents previously filed with this honorable Court:

All documents, correspondence, reports, and/or memoranda filed by the government with U.S. Magistrate Judge van Meerveld (and/or any other judicial officer relating to these proceedings), including any filings under seal, including but not limited to submissions made in the action *In re M/V JOANNA*, 21-mc-592-BWA-JM;

Although Chief Tan requested the documents in writing last October, they have not been provided in discovery. Chief Tan suspects the government objects to their production because the filings were allowed to be made and were made under seal in support of the government's ongoing efforts to extend the Court-authorized detention of Chief Tan and fellow crewmembers as supposed material witnesses in the then-pending grand jury investigation and, potentially, in this now-pending criminal case.

Chief Tan has moved to dismiss the criminal case on the grounds that the government held him as a supposed material witness pretextually and for the purpose of

circumventing his speedy trial rights. He contends that his speedy trial (and other constitutional) rights were violated and that dismissal is the appropriate remedy. As explained in his motion to dismiss, Chief Tan respectfully submits that the government misrepresented whether he was in fact viewed as a material witness and also misrepresented the need to hold him (and others) as such witnesses. As detailed in the motion, it appears the government has produced the transcripts of all witnesses who testified before the grand jury related to this matter. The fact that testimony taken from his fellow crewmembers over six months' detention provides no evidence not provided to the government during inspections of the M/V JOANNA tends to confirm what Chief-Tan asserted (in court filings) from shortly after his arrest – the government always intended to charge him and was holding him as a supposed material witness to circumvent his speedy trial rights so that it could take time to try to bolster its case.

It is not clear why the government sought to file under seal its various reports concerning the status of its supposed material witnesses, but Chief Tan suspects it was because the reports were represented to contain information relevant to grand jury proceedings. It is worth noting, however, that the Fifth Circuit has held as follows:

> disclosure of information obtained from a source independent of the grand jury proceedings, such as a prior government investigation, does not violate Rule 6(e). *In re Special April 1977 Grand Jury*, 586 F.2d at 892; *United States v. Archer*, 355 F. Supp. at 989. A discussion of actions taken by government attorneys or officials *E. g.*, a recommendation by the Justice Department attorneys to department officials that an indictment be sought against an individual does not reveal any information about matters occurring before the grand jury. Nor does a statement of opinion as to an individual's potential criminal liability violate the dictates of Rule 6(e). This is so even though the opinion might be based on knowledge of the grand jury proceedings, provided, of course, the statement does not reveal the grand jury information on which it is based.

*In re Grand Jury Investigation*, 610 F.2d 202, 217 (5th Cir. 1980).

Even if the filings contain information about what transpired before the grand jury, disclosure is now appropriate. The government has produced in discovery all witness grand jury transcripts. So no new information will be disclosed, unless disclosure reveals that the government misrepresented grand jury proceedings to the Court. The government, of course, has no right to hide any such misrepresentations.

Disclosure is expressly authorized under Federal Rule of Criminal Procedure 6(e)(3)(E), which allows for disclosure if a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Chief Tan's motion to dismiss alleges in detail, supported by substantial evidence, including grand jury transcripts, that he was held as in fact a target, but nominally as a material witness, for the purpose of circumventing his speedy trial rights.

Moreover, the government's regular submissions to the Court to extend his pre-indictment detention are akin to arrest or search warrant applications. Such applications are regularly filed under seal. But once an indictment is returned, they are of course disclosed in discovery to allow motion practice.

Defendant Tan notes finally that he and the public have a right to know the basis on which his detention was extended. As detailed in his motion to dismiss, it appears Chief Tan's pre-indictment detention is a singular, if not unique, example of the government using a pretextual material witness warrant to hold a target and circumvent his speedy trial rights. Whether the government used misleading or false *ex parte* communications to accomplish that result is a matter of public interest. Whatever interest the government had in keeping its investigation secret while the investigation was

ongoing has expired.  Disclosure is therefore appropriate.  *See, e.g.*, United States v. Walker, 2013 U.S. Dist. LEXIS 178808 (S. D. Ms. 2013).

      Respectfully submitted this 28th day of December 2021.

/s/ William Most  
Caroline Gabriel, Bar No. 38224  
William Most, Bar No. 36914  
Most & Associates, L.L.C.  
201 St. Charles Ave. Suite 114 #101  
New Orleans, LA 70170  
(504) 509-5023  
caroline.gabriel.ma@gmail.com


/s/ Edward S. MacColl  
Edward S. MacColl, MBRN #2658  
Pro Hac Vice  
Counsel for Warlito Tan

CERTIFICATE OF SERVICE

      I do hereby certify that on the above date I attempted to make service of the above document by electronically filing the same using the Court's EM/ECF system.

/s/ Edward S. MacColl  
Edward S. MacColl, MBRN #2658  
Pro Hac Vice  
Counsel for Warlito Tan
