UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-126 |
| v. | * | SECTION: "S" |
| EMPIRE BULKERS LTD. | * | |
| JOANNA MARITIME LIMITED | | |
| WARLITO TAN | * | |

## REPLY MEMORANDUM IN SUPPORT OF WARLITO TAN'S MOTION FOR DISCOVERY

NOW COMES Defendant Warlito Tan, by and through his counsel, and submits the following Reply Memorandum in support of his Motion for Discovery Related to his Motion to Dismiss Indictment due to Constitutional and Statutory Violations.

The issues before the Court, as raised in Defendant Tan's Motion to Dismiss Indictment due to Constitutional and Statutory Violations, include whether the Government violated Mr. Tan's speedy trial rights by detaining him as a supposed witness when he was in fact an uncharged target in violation of the Speedy Trial Act and whether they committed prosecutorial misconduct by protracting his detention as a supposed material witness for the purpose of circumventing his rights.

So that the motion to dismiss can be addressed in full, the discovery motion seeks production of Government counsel's serial, written *ex parte* communications to Magistrate Judge van Meerveld concerning the detention that were submitted in the matter styled as *In re M/V JOANNA*, Case No. 2021-mc-592-BWA-JM. These communications (and any similar communications to judicial officers concerning Defendant Tan) are directly relevant to Defendant Tan's dismissal motion.

1

Although the Government does not appear to dispute that Mr. Tan is the only defendant the Government has ever had arrested as a witness but then charged in a MARPOL case, the Government's primary response to the discovery motion is to charge that Defendant Tan "wildly speculates," engages in "baseless speculation," and makes "inflammatory" allegations "without foundation" that the Government's admittedly unprecedented conduct raises genuine concerns. As detailed below, Chief Tan has explained substantial bases for his concern that the Government's approach in detaining him is unusual, unique and was facilitated by misleading the Court.

The Government acknowledges that "the reports do contain a discussion of matters occurring before the grand jury." As noted earlier, the Government produced to Defendant Tan all the transcripts from the grand jury proceedings. Hence, the Government can scarcely argue that anything that went on before the grand jury should be kept secret from Defendant Tan. If the reports to the magistrate are consistent with the grand jury transcripts, then the Government has no reason to withhold them. Conversely, if there are inconsistencies, the disclosure is paramount importance.

The Government appears to think that Defendant Tan's request for discovery is somehow foreclosed because, according to the Government, Magistrate van Meerveld had confidence in the Government's *ex parte* reports. This only begs the question of whether the Court would have the same confidence if it had more information than what the Government was willing to provide. One reason that *ex parte* communications are generally disfavored is that a bedrock principle in our adversary system is that the truth can only emerge after both sides have had the opportunity to obtain and present evidence. There is no precedent, in any event, for the notion

that a Court's view based on *ex parte* communications is binding on the opposing party whose participation is prohibited or limited.

Yet the Government appears to say that defendant Tan cannot obtain any discovery to support his motion because of the "law of the case." The law of the case doctrine does not apply both because it is inapplicable to findings based on ex parte communications and because the pending matter is a different case. Under the doctrine, when a federal court enunciates a rule of law, the ruling is one that "it itself will, normally, apply to the same issues in subsequent proceedings in the ***same case***." *Doe v. Marshall,* 694 F.2d 1038, 1040 (5th Cir. 1983), *quoting Morrow v. Dillard,* 580 F.2d 1284, 1289-90 (5th Cir. 1978), *quoting* 18 Moore's Federal Practice ¶ 0.404[1] (2d ed. 1974) (emphasis supplied). The ruling referred to by the Government was in a separate case. The Magistrate's ruling was in *In re M/V JOANNA*, No. 2021-mc-592-BWA-JM, not in this case. It is precisely because these are separate cases that the Government was able to circumvent the Speedy Trial Act and delay indicting Defendant Tan for so many months. If Chief Tan had been initially arrested in this criminal case, then of course defendant Tan would have had to have been indicted last April (within 30 days of his initial appearance pursuant to 18 U.S.C. §3161(b)) and the case would long ago have been dismissed for the Government's delay.

Furthermore, the Magistrate's ruling was simply that the Government's motives did not matter for purposes of the *Fourth Amendment.* The principal issue here concerns the speedy trial guaranty under the *Sixth* Amendment and under the Speedy Trial Act, which was not addressed either in *al-Kidd* or by Magistrate van Meerveld.

If the Government concedes that from the time of his arrest Mr. Tan was a target and that it arrested him on a material witness warrant, rather than a criminal complaint, for the purpose of circumventing the requirements of the Sixth Amendment and the Speedy Trial Act (most notably

the requirement under 18 U.S.C. 3161(b) to indict within 30 days of the initial appearance), then discovery might be less crucial to the motion. A pure legal issue would be presented that Magistrate Judge van Meerveld certainly did not address. The Government, however, has not conceded that Mr. Tan was a target throughout. In fact, during brief sessions before Magistrate Judge van Meerveld in which Mr. Tan's counsel was allowed to participate, Government counsel asserted repeatedly that Mr. Tan was not a target.

The Government asserts in a conclusory fashion, without explanation or supporting authority, that the status reports are "not discoverable under Rule 16." On the contrary, Rule 16(a)(1)(E) broadly requires the Government to permit inspection and copying of all documents within its possession or control if the item is material to preparing the defense. No exception applies. Rule 16(a)(2) (not cited by the Government) applies only to *internal* government documents made by a government attorney in connection with investigating or prosecuting a case. It does not apply to reports to the Court.

Far from presuming that Governmental court filings should routinely be shielded from defendants or the public, courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *see In re High Sulfur Content Gas. Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (public confidence in our judicial system "cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.") (quotation omitted) (quoting *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)); *In re Search Warrants Executed on June 14, 2016,* 221 F. Supp. 3d 863, 865 n.2 (S.D. Tex. 2016) ("The common-law right of access to judicial

records and documents serves crucial values that undergird a well-functioning justice system, regardless of whether a pre-indictment investigation is in progress."); *Shell Offshore, Inc. v. Eni Petroleum US LLC,* 2017 U.S. Dist. LEXIS 154798, *3 (E.D. La. Sept. 22, 2017) ("The court is a public forum. Its record is presumptively a *public* record, open to view by all, and requests to seal the court's record are *not* lightly granted or considered.") (emphasis in original). The decision to seal a record "must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found.*, 624 F.3d 685, 690 (5th Cir. 2010) (quotation omitted). Consequently, the Government bears the burden of showing that documents it filed should be kept sealed. *See, e.g., United States v. Sharpe,* 995 F.2d 49, 52 (5th Cir. 1993) (for indictments, the Government, if challenged, "must explain and support the legitimacy of its reasons for sealing the indictment."); *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (party's burden is "to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.") (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); *Search Warrants,* 221 F. Supp. 3d at 865 n. 2 ("it is appropriate to place the burden on the Government to justify continued sealing, rather than enact a *per se* rule in favor of secrecy.").

    The Government's objection does not articulate and colorable basis for prolonged sealing. It's *ex parte* reports to the Court were submitted for the purpose of prolonging the detention of Mr. Tan and other supposed witnesses. They were sealed because they related to a secret grand jury investigation. That investigation is complete, an indictment has been returned, and all of the grand jury transcripts have now been produced. Submissions intended to allow for the arrest or detention of individuals are often submitted in camera, but once criminal charges are

brought the submissions are made available to the defendant. By analogy, once an indictment is issued affidavits supporting a warrant to arrest or search a defendant or his property are invariably subject to discovery. There is no reason why the requested reports, which were instrumental in keeping defendant Tan detained without a formal charge, should not likewise be discoverable.

Finally, Mr. Tan's concern that the Government detained him as a supposed witness for the purpose of circumventing speedy trial rights is not based on mere speculation. Even without the requested discovery, his concern is supported by the following facts the Government has not disputed:

1. The Government represented to the Court that Mr. Tan was not a target and that it would disclose to the Court and his attorney when his status changed; but the Government indicted Mr. Tan without ever disclosing a status change.

2. Mr. Tan submitted with his motion to dismiss the transcripts of two witnesses the Government brought before the grand jury a total of nine times over nearly six months; those transcripts demonstrate that the Government did not inquire in its serial interrogations concerning newly discovered documents, but instead pressured the witnesses to change their testimony; when the witnesses insisted their testimony was accurate, the Government chose not to depose either of them.

3. The Government entered into a contract with Mr. Tan's employer in March of 2021 requiring that Mr. Tan be isolated from all other crewmembers; the Government granted immunity to each of those other crewmembers and either interviewed or called them as witnesses, but the Government charged Mr. Tan without gathering any

information about him or his conduct the Government did not have access to when it first contracted to hold him in isolation.

4. The Government caused Magistrate Judge van Meerveld to believe (and to state in an order) in September 2021 that the Government could not yet summarize its likely charges, when in fact that Government had written a plea proposal to Mr. Tan's employer the prior month that summarized in detail the charges brought nearly two months later.

For the foregoing reasons, the Court should grant the Motion for Discovery.

DATED this 6th day of January 2022.

Respectfully submitted,

/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com
williammost@gmail.com

/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658 (PHV)
*Counsel for Defendant Tan*

## CERTIFICATE OF SERVICE

I do hereby certify that on the above date I made service of the above document by electronically filing the same using the Court's EM/ECF system.

/s/ Edward S. MacColl