UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| v. | * | **SECTION: "S"** |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

## WARLITO TAN'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL

**NOW COMES** defendant Warlito Tan, through counsel, and respectfully responds to the Government's Motion to Compel production of edited video depositions, a supplemental expert designation and deposition transcripts (Document 245).

As counsel for defendant Tan reported to Government counsel, the defense understands the entity defendants arranged for the editing of the video of Mr. Bernabe's deposition before aborting the effort because those defendants reached an agreement to plead guilty and perhaps because the trial of Chief Tan was postponed at the government's request. Chief Tan believes the deposed witnesses' credibility is more easily and completely evaluated by watching them respond to questions. Watching how witnesses answer questions is often important in evaluating credibility. As the Fifth Circuit has observed, "A videotape deposition [unlike a 'cold transcript'] allows jurors to gauge the witness's attitude reflected by his motions, facial expression, demeanor and voice inflections." *Battle v. Memorial Hosp.*, 228 F.3d 544, 554 (5th Cir. 2000), *citing United States v. Tunnell*, 667 F.2d 1182, 1188 (5th Cir. 1982). The ability to make those observations may be even more useful where, as here, the witnesses do not speak English. The defense acknowledges, however, that listening to the translation process may become tedious. Accordingly, Chief Tan would like to review the now-available, edited video

before deciding whether to request that the videos all be edited for playing to the jury so that he and counsel may evaluate the extent to which the edited videos, with remaining objections and translations facilitate juror understanding.  To facilitate that review, counsel for defendant Tan have several times requested that the edited video of Mr. Bernabe's deposition be made available for review by all parties so that an informed decision may be made.

      While working to obtain the videos, the defense has been uncertain whether the Government might object to use of the depositions on the grounds that although the crewmembers were held to be unavailable for the May or June trial, they might become available for a November trial.  As a result, counsel has continued efforts to track down Mr. Nalogon (whose whereabouts were last known to his own attorney shortly before a typhoon struck the Philippines last December) and to determine whether any of the other crewmembers might become available for the November trial.  The government's pending motion to compel clearly implies the Government does not object on witness availability grounds to use of the depositions.  Chief Tan, likewise, does not object on unavailability grounds to use of the depositions.  Accordingly, with respect to the crew testimony, the defense is now focused exclusively on rendering the deposition transcripts or videos (or both) ready for trial.

      The edited Bernabe video was finally made available to Chief Tan's attorney today.  It has been or is being uploaded so that it may be reviewed by Government counsel and by Chief Tan.  He, of course, is in the Philippines.  After Chief Tan has reasonable opportunity to review the video, he will, with the assistance of his counsel, be able to decide whether he believes creating and playing the videos are worth the effort and expense and the additional juror and Court time that will be consumed.

      The motion states that the Court wished to review videos.  The defense's understanding

was that the Court wished to review videos only if an issue arose. If Chief Tan decides he wishes to offer videos, he will of course provide them to the Court if requested.

The motion suggests that Defendant Tan is responsible for providing final transcripts of the depositions. That was not the understanding of defense counsel from any prior Court ruling or from any communication with Government counsel. The suggestion may imply the Government does not intend to offer any testimony from the crewmembers, even though it detained them for seven months, took all the depositions, save the deposition of Mr. Nalogon, and designated many of them as part of its case-in-chief for the May or June trial.

Defense counsel has asked the Government to clarify whether it plans to offer any crew testimony; the Government has not yet responded. Defense counsel is not averse to preparing final transcripts, but respectfully suggests that parties should confer, and that the Government should clarify whether it plans to offer any crew deposition testimony in its case-in-chief. This, after all, is a criminal case in which the Government carries the burden of proof on all issues.

With respect to the expected testimony of defense experts Panagiotareas, Aretos, and Zoumis, defense counsel has provided a supplemental designation attached hereto as **EXHIBIT A**. As counsel has explained to Government counsel and as the designation documents, Mr. Panagiotareas was able to obtain the oil content meter that was tested by Messrs. Aretos and Zoumis. He also was able to duplicate their testing and to compare that testing to the Government's testing on the OCM seized from the JOANNA. Mr. Panagiotareas also duplicated the latter testing using the apparatus prepared by or for the Government for an in-trial demonstration. The defense, therefore, does not anticipate calling Mr. Aretos or Mr. Zoumis unless Mr. Panagiotareas is unavailable.

For the foregoing reasons, defendant Tan respectfully submits an order compelling

production is not warranted or required. There is nearly as much time before the scheduled November trial as there was when (in April) the Government first designated expert witness testimony and far more time that was available when (on May 13) the Government first designated deposition testimony.

It is settled that neither side objects on availability grounds to use of the depositions. Accordingly, there is ample time for the parties to confer, for the government to disclose whether it will offer any crew testimony in its case-in-chief, and for Chief Tan to carefully, but with all deliberate speed, to decide whether producing and employing the videos (as opposed to the transcripts) will be most beneficial to the jury and reasonably cost-effective.

## CONCLUSION

The defense respectfully submits the Government's motion should be denied.

DATED this 30th day of September 2022.

    /s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com


/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan

## CERTIFICATE OF SERVICE

I, Edward S. MacColl, hereby certify that, on the above date I made due service of the above document by electronically filing the same using the Court's EM/ECF system.

    /s/ Edward S. MacColl