UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-126 |
| v. | * | SECTION: S |
| WARLITO TAN | * | |
| | * | |

\* \* \*

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO COMPEL
DISCLOSURE OF EXPERT TESTIMONY AND RULE 15 VIDEO EXCERPTS**

On September 27, 2022, the government filed its Motion to Compel Disclosure of Expert Testimony and Rule 15 Video Excerpts. Rec. Doc. 245. The Court ordered that the defendant respond by September 30, 2022. Rec. Doc. 247. On September 30, 2022, the defendant supplemented his expert report to the government and filed his response before the Court. Rec. Doc. 248. The government has since attempted to address certain issues with defendant.

**I.      Expert Disclosure**

Defendant's September 30, 2022 supplemental disclosure does not resolve the outstanding issues raised in the government's original *Daubert* motion. There are several aspects of defendant's proposed expert testimony that are objectionable. First, defendant apparently now plans to offer expert testimony (Mr. Panagiotereas) about testing performed by other alleged experts (Mssrs. Zoumis and Aretos – who apparently will not now be testifying)[1] and who Mr. Panagiotereas did not personally observe conducting the tests. Second, defendant apparently intends to rely on tests performed by his expert (and/or by non-testifying experts) on a different

---

[1] The defendant claims that Mssrs. Zoumis and Aretos will not testify at trial "unless Mr. Panagiotereas is unavailable." Rec. Doc. 248 at 3.

OCM than the one at issue in this case without establishing that they are identical, disclosing details of the test, and permitting the government to witness the test as the government has done for the defendant. It is apparent from photographs that the OCM used by defendant's experts is different from the one on the *MV Joanna*, and therefore likely irrelevant, especially since the actual OCM at issue in this case has been made available to defendant and his expert. Finally, defendant proposes to offer misleading and irrelevant testimony asserting that his experts' tests show that the amount of dilution was a minimal and unspecified amount. This is not a defense to the pending charges and is apparently being offered as a jury nullification defense or to confuse the jury. MARPOL Regulation 15 clearly states that "any discharge into the sea of oil or oily mixtures from ships" is prohibited unless, inter alia, "the oil content of the effluent *without dilution* does not exceed 15 ppm." MARPOL, Reg. 15 (A)(2) and (A)(2)(.3) (emphasis added); *accord* 33 C.F.R. § 151.10(a)(5), (b)(3). Defendant cannot advocate to the jury that dilution is the solution to pollution, an archaic and defunct position expressly rejected by U.S. and international law governing discharges from vessels.

Defendant successfully sought to examine the evidence seized from the Joanna, to witness tests performed by the government that will be performed for the jury, and to conduct his own testing on the government's OCM in private. The government accommodated these requests. In return, defendant apparently seeks to introduce expert testimony about tests performed without providing reciprocal discovery to the government.

On October 5, 2022, the government again attempted to resolve many of the outstanding questions arising from the defendant's incomplete disclosure:

1. We understand your September 30, 2022 disclosure is "supplemental" and that you are not withdrawing any of your previously proposed testimony, other than that Messrs. Zoumis and Aretos will not appear and testify and their testimony will be covered by Mr. Panagiotereas in its entirety.  Is that correct?

2. On July 14, 2022, we asked if Mr. Panagiotereas' May 27, 2022 testing of the government equipment rendered government objections 4, 5, 6, and 8 moot.  Do you now withdraw that proposed testimony?  Or do you plan to proceed with it anyway? (*See* Court Order, Rec. Doc. 223 at 8; and Government Objections; 155-1 at 4-6.)

3. In our April 26, 2022 *Daubert* Motion (Rec. Doc. 155-1 at 9) and in our July 14, 2022 email, we asked that the OCM tested in Greece (and now apparently tested by Mr. Panagiotereas) be made available for inspection and testing by the government.  As was provided to you, the government requests an opportunity to witness the test your expert is relying upon along with our expert. Further, we request an opportunity for our expert to conduct his own test on that equipment.  When is the earliest date that this can occur and where?

4. Were any videos or reports (or any other such items covered under Rule 16(b)(1)(B)) produced as a result of Mr. Panagiotereas' tests of the government's OCM and/or the Greek OCM? Please disclose immediately so the government has sufficient time to review and respond.

5. Your supplemental disclosure suggests that Mr. Panagiotereas plans to discuss and rely on the testing performed by Messrs. Zoumis and Aretos. To the extent that Mr. Panagiotareas has performed "subsequent duplication of that testing" please provide details of what tests were personally performed by Mr. Panagiotareas, and the results of those tests.

6. Your supplemental disclosure suggests that Mr. Panagiotereas plans to discuss and rely on his private testing of the government's OCM. Please provide details of what tests were personally performed by Mr. Panagiotereas and the results of those tests.

7. Your supplemental disclosure states that Mr. Panagiotereas plans to offer the opinion that any dilution was minimal and that the metal insert ("chock") did not materially impact the functionality of the OCM and OWS. Please advise if Mr. Panagiotereas quantified amount or percentage of dilution and if so, using what methodology. Further, what is the basis and reasons for the conclusion that dilution did not materially impact the functionality of the OCM and OWS?

*See* Exhibit A.

On October 6, 2022, the defendant refused to comply with the government's Rule 16(b)(1)(B) and (C) requests or give the government the same courtesy provided to him.[2] *Id*. The

---

[2] Although repeatedly requested over several months, the defendant has yet to provide any specifics with regard to the availability of the Greek OCM.  Given the late date, and the 9 months

defendant's October 6 and 7[3], 2022 responses are insufficient. Accordingly, the government re-urges its *Daubert* motion as this Court anticipated in its June 2, 2022 Order and Reasons. *See* Rec. Doc. 223 at 8, 9. If the Court prefers the government will file a renewed motion on or before Monday, October 17, 2022. In the meantime, the government requests that the defendant be compelled to answer the above requests immediately for consideration along with other issues under *Daubert*.[4]

## II.     Rule 15 Video Excerpts

To date, the defendant has produced only one edited video. Despite repeated requests over many months, defendant has not informed the government whether he intends to seek that the videos be played or whether the transcripts will be read. In order to avoid receiving a last-minute production of the redacted testimony by the defendant, the government has begun the process of editing the lengthy depositions. They will be provided to the defendant and the Court as soon as practicable.

Contrary to the defendant's assertions[5], the government does not agree that the witnesses are unavailable to testify in person in accordance with well-settled law regarding the use of Rule 15 depositions.[6] Judge van Meerveld explicitly held: "To the extent [the crew] cease being

---

that have elapsed since the government first requested access in April 2022, the OCM should be made available immediately in the Eastern District of Louisiana.

[3] The defendant vaguely claims that "he does not anticipate" his expert testifying to government objections 4, 6, or 8.

[4] The government has attached a new proposed Court order.

[5] On October 5, 2022, the government informed the defendant that his assertions regarding the unavailability of witnesses were incorrect.

[6] These issues were extensively briefed by the government before Judge van Meerveld. That brief is incorporated by reference as if fully set forth herein.  *See* Rec. Doc. 126.

employed aboard an oceangoing vessel, the subpoenas remain valid." Rec. Doc. 165 at 12.  Under oath, every crew member promised to return to the United States to testify if released pending trial.

Counsel for the material witnesses[7] advises that Gerone Bernabe is available for trial. Manuel Baliad's current contract is set to end on October 11, 2022, so as of now, he too will be available for trial. Bienvenido Cabanayan's contract will not be over until November 11, 2022, so he is currently unavailable, at least for the first week of trial. Holdun Akkaya is currently under contract and will be unavailable for trial. Nimuel Nalagon's trial subpoena was not quashed by Judge van Meerveld, so the required showing of unavailability will be required by any party seeking to introduce his testimony.

If defendant seeks the return of any of these available witnesses, he should immediately inform the government because arrangements will need to be made in the immediate future, including parole of the witnesses into the United States. Further, even if unavailability is established, defendant has yet to inform the government and the Court whether he intends to seek the introduction of the edited videos or whether the edited transcripts will be read into the record.

## III.    CONCLUSION

Considering the foregoing, the defendant should be compelled to fully produce the government's requested expert disclosure. An updated Proposed Order is attached. The defendant should also be compelled to immediately advise the Court and the government whether he intends to play the Rule 15 deposition videos of any unavailable witnesses to the jury. Although the government has offered to edit these videos rather than wait for further delayed production by the

---

[7] It bears mentioning that local counsel for defendant Tan also represented the material witnesses at the time of their grand jury testimony and Rule 15 depositions. It is unclear at this point if such dual representation will cause a conflict at trial.

defendant, it should not have to waste precious time in the weeks before trial if the defendant

does not plan to use the videos.

                                                          Respectfully Submitted,

TODD KIM                                                  DUANE A. EVANS
Assistant Attorney General                               United States Attorney
Environmental & Natural Resources Division
U.S. Department of Justice


*s/Richard A. Udell*                                      *s/ G. Dall Kammer*
Richard A. Udell                                          G. Dall Kammer (26948)
Senior Litigation Counsel                                 Assistant U.S Attorney
Environmental Crimes Section                              650 Poydras Street, Suite 1600
U.S. Department of Justice                                New Orleans, LA 70130
50 M St., N.E./Room 4206                                  Telephone: (504) 680-3168
Washington, D.C. 20044                                    Email:dall.kammer@usdoj.gov
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

defense counsel of record.

                                                          *s/ G. Dall Kammer*
                                                          G. DALL KAMMER
                                                          Assistant United States Attorney