**Kammer, Dall (USALAE)**

| | |
|---|---|
| **From:** | Edward MacColl <emaccoll@thomport.com> |
| **Sent:** | Thursday, October 6, 2022 12:49 PM |
| **To:** | Kammer, Dall (USALAE) |
| **Cc:** | Caroline Gabriel; Udell, Richard (ENRD); Berman, David (USALAE) |
| **Subject:** | [EXTERNAL] Re: Panagiotereas Expert Testimony |

Gentlemen,

I have been in the mountains with only limited service. I'm returning to the Portland area this evening and will try to address your questions concerning your objections 4, 5, 6 and 8.

We will make the duplicate OCM available for your inspection.

Much of your message suggests you believe a criminal defendant is required to answer (by email) questions about his experts testing. Is that your view? Do you consider the government similarly obligated to answer questions about its experts' testing?

Thank you.

Ed

Sent from my iPhone

> On Oct 5, 2022, at 3:22 PM, Kammer, Dall (USALAE) <Dall.Kammer@usdoj.gov> wrote:
>
> Good afternoon Ed,
>
> 1. We understand your September 30, 2022 disclosure is "supplemental" and that you are not withdrawing any of your previously proposed testimony, other than that Messrs. Zoumis and Aretos will not appear and testify and their testimony will be covered by Mr. Panagiotereas in its entirety. Is that correct?
>
> 2. On July 14, 2022, we asked if Mr. Pagagiotereas' May 27, 2022 testing of the government equipment rendered government objections 4, 5, 6, and 8 moot. Do you now withdraw that proposed testimony? Or do you plan to proceed with it anyway? (*See* Court Order, Rec. Doc. 223 at 8; and Government Objections; 155-1 at 4-6.)
>
> 3. In our April 26, 2022 Daubert Motion (Rec. Doc. 155-1 at 9) and in our July 14, 2022 email, we asked that the OCM tested in Greece (and now apparently tested by Mr. Panagiotereas) be made available for inspection and testing by the government. As was provided to you, the government requests an opportunity to witness your test your expert is relying upon along with our expert. Further, we request an opportunity for our expert to conduct his own test on that equipment. When is the earliest date that this can occur and where?

GOVERNMENT EXHIBIT A

4. Were any videos or reports (or any other such items covered under Rule 16(b)(1)(B)) produced as a result of Mr. Panagiotereas' tests of the government's OCM and/or the Greek OCM? Please disclose immediately so the government has sufficient time to review and respond.

5. Your supplemental disclosure suggests that Mr. Panagiotereas plans to discuss and rely on the testing performed by Messrs. Zoumis and Aretos. To the extent that Mr. Panagiotareas has performed "subsequent duplication of that testing" please provide details of what tests were personally performed by Mr. Panagiotareas, and the results of those tests.

6. Your supplemental disclosure suggests that Mr. Panagiotereas plans to discuss and rely on his testing of the government's OCM. Please provide details of what tests were personally performed by Mr. Panagiotereas and the results of those tests.

7. Your supplemental disclosure states that Mr. Panagiotereas plans to offer the opinion that any dilution was minimal and that the metal insert ("chock") did not materially impact the functionality of the OCM and OWS. Please advise if Mr. Panagiotereas quantified amount or percentage of dilution and if so, using what methodology. Further, what is the basis and reasons for the conclusion that dilution did not materially impact the functionality of the OCM and OWS?

If necessary, we plan to file any Daubert motions early next week.  Please let us have your response this week.



G. DALL KAMMER
CHIEF, GENERAL CRIMES
ASSISTANT UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA
650 POYDRAS STREET, SUITE 1600
NEW ORLEANS, LA  70130
dall.kammer@usdoj.gov
(O) (504) 680-3168

# Kammer, Dall (USALAE)

| | |
|---|---|
| **From:** | Edward MacColl <emaccoll@thomport.com> |
| **Sent:** | Friday, October 7, 2022 12:16 PM |
| **To:** | Kammer, Dall (USALAE) |
| **Cc:** | Caroline Gabriel; Udell, Richard (ENRD); Berman, David (USALAE) |
| **Subject:** | [EXTERNAL] Re: Panagiotereas Expert Testimony |

Dall,

I hope this finds you well. I do not anticipate Tony testifying (or being asked) on direct concerning your objections 4, 6, or 8.

Regards,

Ed

Sent from my iPhone

> On Oct 5, 2022, at 3:22 PM, Kammer, Dall (USALAE) <Dall.Kammer@usdoj.gov> wrote:
>
> Good afternoon Ed,
>
> 1. We understand your September 30, 2022 disclosure is "supplemental" and that you are not withdrawing any of your previously proposed testimony, other than that Messrs. Zoumis and Aretos will not appear and testify and their testimony will be covered by Mr. Panagiotereas in its entirety.  Is that correct?
>
> 2. On July 14, 2022, we asked if Mr. Pagagiotereas' May 27, 2022 testing of the government equipment rendered government objections 4, 5, 6, and 8 moot.  Do you now withdraw that proposed testimony?  Or do you plan to proceed with it anyway? (*See* Court Order, Rec. Doc. 223 at 8; and Government Objections; 155-1 at 4-6.)
>
> 3. In our April 26, 2022 Daubert Motion (Rec. Doc. 155-1 at 9) and in our July 14, 2022 email, we asked that the OCM tested in Greece (and now apparently tested by Mr. Panagiotereas) be made available for inspection and testing by the government.  As was provided to you, the government requests an opportunity to witness your test your expert is relying upon along with our expert. Further, we request an opportunity for our expert to conduct his own test on that equipment.  When is the earliest date that this can occur and where?
>
> 4. Were any videos or reports (or any other such items covered under Rule 16(b)(1)(B)) produced as a result of Mr. Panagiotereas' tests of the government's OCM and/or the Greek OCM? Please disclose immediately so the government has sufficient time to review and respond.
>
> 5. Your supplemental disclosure suggests that Mr. Panagiotereas plans to discuss and rely on the testing performed by Messrs. Zoumis and Aretos. To the extent that Mr. Panagiotareas has performed "subsequent duplication of that testing" please provide details of what tests were personally performed by Mr. Panagiotareas, and the results of those tests.

1

6. Your supplemental disclosure suggests that Mr. Panagiotereas plans to discuss and rely on his testing of the government's OCM. Please provide details of what tests were personally performed by Mr. Panagiotereas and the results of those tests.

7. Your supplemental disclosure states that Mr. Panagiotereas plans to offer the opinion that any dilution was minimal and that the metal insert ("chock") did not materially impact the functionality of the OCM and OWS. Please advise if Mr. Panagiotereas quantified amount or percentage of dilution and if so, using what methodology. Further, what is the basis and reasons for the conclusion that dilution did not materially impact the functionality of the OCM and OWS?

If necessary, we plan to file any Daubert motions early next week.  Please let us have your response this week.



G. DALL KAMMER
CHIEF, GENERAL CRIMES
ASSISTANT UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA
650 POYDRAS STREET, SUITE 1600
NEW ORLEANS, LA  70130
dall.kammer@usdoj.gov
(O) (504) 680-3168