UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-126 |
| v. | * | SECTION: S |
| WARLITO TAN | * | |
| | * | |

* * *

**UNITED STATES' OPPOSITION TO MOTION
TO QUASH TRIAL SUBPOENA OF GERONE BERNABE**

The requirement for Mr. Bernabe to return for trial has been extensively litigated and resolved: unless the witness is at sea, he must return for trial as he promised to do. April 28, 2022 Order, Rec. Doc. 165 at 12; Transcript of October 13, 2022 Hearing at 12, attached as Exhibit A. Moreover, as detailed below, the well-settled law regarding the admissibility of Rule 15 depositions requires that he appear and testify if he is available.

**I.     Mr. Bernabe's Appearance Before Judge van Meerveld**

On October 13, 2021, Judge van Meerveld held a hearing during which Mr. Bernabe was present and represented by counsel. The purpose of the hearing was to serve Mr. Bernabe with a trial subpoena to ensure his return for trial, despite having given Rule 15 deposition testimony:

> THE COURT: All right, Mr. Bernabe, have you received a subpoena to testify at a trial in the matter No. 21-126?
>
> Mr. BERNABE: Yes, ma'am.
>
> THE COURT: Do you see that you are ordered to return to this court to testify at trial on December 13, 2021, at 9:00 a.m.
>
> MR. BERNABE: Yes, ma'am
>
> THE COURT: Do you agree to do so?

>MR. BERNABE: Yes, ma'am.
>
>THE COURT: Do you understand that this subpoena was issued on behalf of both the United States and three defendants?
>
>MR. BERNABE: Yes, ma'am.
>
>THE COURT: Do you understand that the subpoena is enforceable by the United States or any of the three defendants?
>
>MR. BERNABE: Yes, ma'am.
>
>THE COURT: Do you understand that the cost of returning you to court for that trial will be borne not by you, but by whatever parties orders you to return?
>
>MR. BERNABE: Yes, ma'am.
>
>THE COURT: Do you understand that if the trial date changes, you will be alerted to that by your counsel, Mr. Merrill, but you will be bound by this subpoena for the new trial date?
>
>MR. BERNABE: Yes, ma'am.
>
>THE COURT: And do you agree to return on the new trial date whenever it is set, Mr. Bernabe?
>
>MR. BERNABE: Yes, ma'am.

Exhibit A at 11-12; *see also* Order, Rec. Doc. 165 at 4 ("Each Witness agreed to return to testify at trial. Each Witness agreed to return even if the trial date was reset and confirmed their understanding that the same subpoena would bind them as to the new date."). Considering this, it is unacceptable that Mr. Bernabe now challenges the service and validity of the subpoena given the continuance of the trial date.[1] *See* Movant's memorandum at 5-6.

---

[1] *See also*, *e.g.*, *In re Grand Jury Witness*, 835 F.2d 437, 441 (2nd Cir. 1987) ("For over half a century it has been established law that unless a subpoena is vacated upon proper application, the person whom it directs to appear must 'respond to the subpoena and [must] remain in attendance until excused by the court or by the Government's representative.'") (quoting *Blackmer v. United States*, 284 U.S. 421 (1932)).

## II. Pretrial Litigation Regarding Availability

Prior to the first trial date, the crew members moved to be released from their trial subpoenas. Rec. Doc. 128. At that time, the crew members were at sea after being placed under contract by the corporate defendants. The government objected (and respectfully still objects) to the witnesses being declared "unavailable" when their unavailability was caused by the co-defendant corporations.[2] The Court ruled that the subpoenas were "unreasonable and oppressive" in that they would require the crew members to return while employed at sea. Rec. Doc. 165 at 12. Nevertheless, Judge van Meerveld held: "The purpose of these depositions was to preserve the testimony in case the Witnesses were not available for trial." *Id*. at 10. Further:

> [The Witnesses] shall not be required to return for trial of this matter for the duration of their present employment contracts or while they are employed on any other long term contracts to work at sea. To the extent they cease being employed aboard an oceangoing vessel, the subpoenas will remain valid.

*Id*. at 12. Considering this, Mr. Bernabe must now return because he is no longer employed upon an oceangoing vessel.

## III. Events Leading to Current Motion

The current trial date was set on July 25, 2022. Rec. Doc. 232. Counsel for the witnesses were notified via ECF. On October 5, 2022, the government contacted counsel about the witnesses' contracts, and whether they were available for the new trial date. It was disclosed that only Mr. Bernabe was no longer under contract, and that counsel had not been in contact with witness

---

[2] The corporate defendants, defendant Tan, and the crew members are in a Joint Defense Agreement and have actively worked together throughout this matter to delay and obstruct the proceedings. *See* Order, Case No. 21-mc-592, Rec. Doc. 175 at 5-6. For a detailed explanation of corporate defendants' role in the alleged unavailability of the witnesses, *see* Rec. Doc. 144.

Nimuel Nalogon.[3] Over the next several days, counsel for Mr. Bernabe inquired about travel, lodging, per diem, and visas/parole documents. The government agreed to pay the costs and has been in the process arranging travel and parole paperwork through the U.S. Embassy in Manila for Mr. Bernabe to be present for trial.

During the October 20, 2022 pretrial conference, for the first time, and through counsel for defendant Tan, the government learned that a motion to quash Mr. Bernabe's trial subpoena might be forthcoming. The instant motion was then filed at 9:30 p.m. on Friday, October 21, 2022. No explanation has been provided why the motion has been withheld for so long, only to be filed two weeks before trial.[4]

## IV. Mr. Bernabe's Rule 15 Deposition Is Not Admissible Because He Is Available

Contrary to Mr. Bernabe's assertions, his Rule 15 deposition is not an interchangeable substitute for his live testimony. "[O]ur common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court declarant." *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977) (citation omitted). "The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the

---

[3] Judge van Meerveld did not release Mr. Nalogon from his subpoena because no showing of unavailability had been made. To date, no showing of unavailability has been made as to Mr. Nalogon by defendant Tan. Rec. Doc. 165 at 12. Until such a showing is made, the government objects to the admissibility of his Rule 15 deposition.

[4] After recognizing that Rule 17(c) – Producing Documents and Objects – does not appear applicable to a subpoena to testify, the Court nevertheless applied the exception under Rule 17(c)(2) to the witness subpoenas: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rec. Doc. 165 at 7 (citing *Stern v. U.S. Dist. Ct. for Dist. Of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)). Although the government disagrees that this exception applies here, the instant motion was not "made promptly" as required. Moreover, the crew members made similar reasonableness arguments during the prior litigation (Rec. Doc. 116-1) but the Court, nevertheless, held that the witnesses must return if they are not under contract at sea. Rec. Doc. 165 at 12.

truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath." *Id*. The use of prior statements, including contested depositions, is disfavored in criminal trials. *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993); *United States v. Milian–Rodriguez*, 828 F.2d 679, 686 (11th Cir.1987); *United States v. Wilson*, 601 F.2d 95, 97 (3rd Cir. 1979).

The admission of prior testimony is governed by Rule 15 of the Federal Rules of Criminal Procedure and Rule 804 of the Federal Rules of Evidence. *See United States v. Calderon-Lopez*, 268 Fed. Appx. 279, 288 (5th Cir. 2008) ("Rule 15(e) of the Federal Rules of Criminal Procedure provides that deposition testimony so far as [it is] otherwise admissible under the rules of evidence, may be used if the witness is unavailable, as unavailability is defined in Rule 804(a) of the Federal Rules of Evidence."). The decision to take the depositions in no way determines their use or admissibility at trial. *See* Fed. R. Crim. P. 15(f) ("*An order authorizing a deposition to be taken under [Rule 15] does not determine its admissibility*." (emphasis added)). Admissibility of a deposition is determined solely by the Federal Rules of Evidence. *Id*.[5] Prior testimony can only be considered for admissibility, if, among many other important considerations, the witness is deemed "unavailable." Rule 804(a); *see also Moore v. Mississippi Valley State University*, 871 F.2d 545,

---

[5] The history of Rule 15 is informative. From the outset, the Advisory Committee comments have stressed that "[i]t was contemplated that in criminal cases depositions would be used only in exceptional situations …." Notes of the Advisory Committee on Rules – 1944. In narrowing the definition of unavailability in 1975, the Advisory Committee notes indicate the intent not to have criminal trials by deposition: "The Committee does not want to encourage the use of depositions at trial, especially in view of the importance of having live testimony from a witness on the witness stand." In 2002, Congress modified Rule 15(f) "to more clearly reflect that the admissibility of any deposition taken under the rule is governed not by the rule itself, but instead by the Federal Rules of Evidence." *See* Committee Note 2002. Similarly, in 2011, the Advisory Committee notes state: "*While a party invokes Rule 15 in order to preserve testimony for trial, the rule does not determine whether the resulting deposition will be admissible, in whole or in part.*" Committee Notes on Rules – Committee Notes on 2011 Amendment (emphasis added).

552 (5th Cir. 1989) ("In order to have a deposition admitted at trial in lieu of the actual testimony of the witness, the unavailability of the witness must be established."); *United States v. Leggett*, 299 Fed. Appx. 372, 374 (5th Cir. 2008) (disallowing an out-of-court statement from a witness who was available to testify) (citing *United States v. Vega*, 221 F.3d 789, 803 (5th Cir. 2000) (declarant must be unavailable)); *United States v. Mathis*, 559 F.2d 294, 298 (5th Cir. 1977) (same).

Rule 804(a) defines unavailability as follows:[6]

(a) Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant:

(1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

(2) refuses to testify about the subject matter despite a court order to do so;

(3) testifies to not remembering the subject matter;

(4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

(A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

(B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

As applicable here, a witness is unavailable when he "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or

---

[6] The criminal rules are significantly narrower than Rule 32 of the Federal Rules of Civil Procedure provide greater flexibility for using deposition in court.

other reasonable means." Fed. R. Evid. 804(a)(5). When the proponent does not meet the burden of demonstrating that the declarant is "unavailable" within the meaning of Fed. R. Evid. 804(a), then prior testimony is inadmissible even if it otherwise satisfies other requirements.

By his own admission, Mr. Bernabe is available to testify at trial. His Rule 15 deposition is therefore inadmissible and cannot be substituted for his live testimony as he argues.

## V.    Conclusion

Mr. Bernabe is available for trial. He was served with a subpoena in Court and, under oath, promised to return for trial even if the trial date was moved. Importantly, as a matter of law, his Rule 15 deposition is inadmissible because he is in fact available to testify. His motion should be denied.

Respectfully Submitted,

| | |
|---|---|
| TODD KIM | DUANE A. EVANS |
| Assistant Attorney General | United States Attorney |
| Environmental & Natural Resources Division | |
| U.S. Department of Justice | |
| | |
| *s/ Richard A. Udell* | *s/ G. Dall Kammer* |
| Richard A. Udell | G. Dall Kammer (26948) |
| Senior Litigation Counsel | Assistant U.S Attorney |
| Environmental Crimes Section | 650 Poydras Street, Suite 1600 |
| U.S. Department of Justice | New Orleans, LA 70130 |
| 50 M St., N.E./Room 4206 | Telephone: (504) 680-3168 |
| Washington, D.C. 20044 | Email: dall.kammer@usdoj.gov |
| Telephone: (202) 305-0361 | |
| Email: richard.udell@usdoj.gov | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

<i>s/ G. Dall Kammer</i>
G. DALL KAMMER
Assistant United States Attorney