UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IN RE:  MV JOANNA

                         Criminal Action No. 21-MC-592
                         and 21-CR-126
                         Crim Mag Section
                         New Orleans, Louisiana
                         October 13, 2021

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF SERVICE OF TRIAL SUBPOENAS
AND INSTRUCTIONS TO MATERIAL WITNESSES HEARING
HEARD BEFORE THE HONORABLE JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE GOVERNMENT:          Dall Kammer
                             U.S. Attorney's Office
                             650 Poydras Street
                             Suite 1600
                             New Orleans, LA 70130

                             Richard Udell
                             DOJ-Enrd
                             Environmental Crimes Section
                             150 M St. NE
                             Suite 4.130
                             Washington, DC 20002

                             Kenneth Nelson
                             DOJ-Enrd
                             Environment & Natural
                             Resources Division
                             150 M Street, NE
                             Suite 4.206
                             Washington, DC 20530

GOVERNMENT
EXHIBIT

A

OFFICIAL TRANSCRIPT
Page 1

FOR EMPIRE BULKERS, LTD., AND JOANNA MARITIME LIMITED:

                                    George M. Chalos
                                    Briton P. Sparkman
                                    Chalos & Co., PC
                                    55 Hamilton Avenue
                                    Oyster Bay, NY 11771


FOR THE MATERIAL WITNESSES:  Bruce Merrill
                                    Bruce M. Merrill, P.A.
                                    225 Commercial Street
                                    Suite 501
                                    Portland, ME 04101


FOR WARLITO TAN:                    Edward S. MacColl
                                    Daphne McKnight
                                    Thompson, MacColl & Bass,
                                    LLC, P.A.
                                    15 Monument Sq
                                    4th Floor
                                    Portland, ME 04101


Transcribed By:                     Nichelle N. Wheeler, RMR, CRR
                                    500 Poydras Street, B-275
                                    New Orleans, Louisiana 70130
                                    (504) 589-7775

     Proceedings recorded by audio recording device,
transcript produced via computer.

<u>**P R O C E E D I N G S**</u>

(Call to order of the court.)

THE COURT:  Good afternoon.  You can be seated.

THE CASE MANAGER:  Miscellaneous Case No. 2021-592, in the matter of MV JOANNA set for a hearing for issuance of trial subpoenas.

THE COURT:  Thank you.

May I have the appearances of counsel starting with the government.

MR. KAMMER:  Good afternoon, Your Honor, Dall Kammer, Richard Udell, and Kenneth Nelson for the United States.

THE COURT:  Thank you.

On behalf of criminal defendants Empire Bulkers and Joanna Maritime Limited?

MR. CHALOS:  Good afternoon, Your Honor.  It's George Chalos of Chalos & Co as well as Briton Sparkman of the same firm.

THE COURT:  Thank you.  On behalf of Warlito Tan?

MR. CHALOS:  And our co-counsel, Daphne McKnight.

THE COURT:  Oh, welcome, Ms. McKnight.  Sorry about that.

Appearing on behalf of Warlito Tan?

MR. MACCOLL:  Good afternoon, Your Honor, Ed MacColl here on behalf of Chief Tan.  Thank you.

THE COURT:  Thank you.  And on behalf of our six

1   other crew members?

2        MR. CABANAYAN:  Good afternoon, Bruce Merrill on

3   behalf of the other detained witnesses.

4        THE COURT:  Do we need people to move closer to

5   microphones or is this working, Paula, for recording

6   purposes?

7        All right.  We're here this afternoon to issue trial

8   subpoenas which are a condition of discharging the material

9   witness warrants.  This was further ordered by Record Doc No.

10  16 in the Criminal Action 21-126 when Magistrate Judge Roby

11  ordered that the government's request regarding the service

12  of trial subpoenas and instructions to the material witnesses

13  should be filed in the appropriate matter bearing Case No.

14  21-MC-592 to be heard by me.  And so that is what we are

15  doing.

16        Am I going too fast for our interpreters?  And I

17  guess we should get them sworn in before I go any further.

18        THE CASE MANAGER:  Interpreters, could you please

19  raise your right hand?

20              (Interpreter administered oath.)

21        INTERPRETER LAGAC:  I do.

22        INTERPRETER DINCER:  I do.

23        THE CASE MANAGER:  Please state your name.

24        INTERPRETER LAGAC:  Nina Nguyen Lagac, Tagalog

25  interpreter, Your Honor.

1          INTERPRETER DINCER:  Ali Dincer, Turkish interpreter.

2          THE COURT:  Thank you.  And for both of our

3     interpreters, have I gone too fast so far?

4          INTERPRETER LAGAC:  It's fine, Your Honor.

5          INTERPRETER DINCER:  It's fine, Your Honor.

6          THE COURT:  Okay.  Thank you.  If at any time I'm

7     going too fast, please stop me.

8          Okay.  Then I would like to call forward the six crew

9     members receiving trial subpoenas today.  I'm going to call

10    you up one by one and ask you to verify your receipt of the

11    document and ask you a couple of questions about it.  I will

12    start with Beinvenido Cabanayan, Jr.

13         Good afternoon, sir.  May I have your full name?

14         MR. CABANAYAN:  My name is Beinvenido Dinero

15    (phonetic) Cabanayan.

16         THE COURT:  Thank you.  Mr. Cabanayan, have you

17    received a subpoena to testify at a trial in this criminal

18    matter, 21-126?

19         MR. CABANAYAN:  Yes, ma'am.

20         THE COURT:  Do you understand that it requires you,

21    if called upon, to return to the United States on

22    December 13, 2021, at 9:00 a.m.?

23         MR. CABANAYAN:  Yes, ma'am.

24         THE COURT:  Do you understand that it has been issued

25    on behalf of the United States and the three defendants?

1          MR. CABANAYAN:  Yes, ma'am.

2          THE COURT:  And it is therefore enforceable by the

3     United States or any of the three defendants?

4          MR. CABANAYAN:  Yes, ma'am.

5          THE COURT:  If I release you from your material

6     witness warrant, do you agree, Mr. Cabanayan, to return to

7     this court as required to testify at trial?

8          MR. CABANAYAN:  Yes, ma'am.

9          THE COURT:  Thank you.  Then I will return

10    Mr. Cabanayan's passport to him on Friday.

11          Mr. Kammer?

12          MR. KAMMER:  Just one more thing I would like the

13    Court to advise the witness, I just thought, Judge, is should

14    the trial date change, that it would remain under -- they

15    still would be responsible to return and we'll obviously

16    communicate with their attorney to keep them informed, but

17    the subpoena would stay active even if the trial date were to

18    change.

19          MR. MERRILL:  And the only exception to that, Your

20    Honor, is if they're under contract at sea and are deemed

21    unavailable.

22          MR. KAMMER:  I don't think we can agree to that,

23    Judge.  So sorry, it's just an issue that needed to be

24    brought up.

25          MR. CHALOS:  May I be heard?

1          THE COURT:  Yes, Mr. Chalos.

2          MR. CHALOS:  So I think these are two separate

3    issues, that the question of them having received the

4    subpoena and being under subpoena is clear.  The issue of

5    them being unavailable because they're working at sea, that's

6    a question under Rule 15 with regard to the admissibility of

7    the deposition.  It's not necessarily related to the

8    effectiveness of the subpoena.

9          THE COURT:  Mr. Merrill, anything to add?

10         MR. MERRILL:  I just don't want them to be held in

11   contempt if they're unable to show up because they're at sea.

12   And it's my understanding that that's the reason we're doing

13   the Rule 15 depositions and that's the only exception if

14   they're at work under contract for this employer or another

15   employer at that time.

16         MR. KAMMER:  Your Honor, may I respond, just if I

17   may?

18         THE COURT:  Yes.

19         MR. KAMMER:  Our response would be is that

20   representation has been made throughout this that these

21   witnesses would come back if they were needed to for trial,

22   so I don't know why that's changing now at this stage.

23         MR. MERRILL:  Well, I don't think that's completely

24   accurate, Your Honor, because it's always been the

25   understanding if they're available, they will return, but one

1   of the definitions of unavailable is if they're under

2   contract and at sea, they won't be able to return at that

3   point.

4           THE COURT:  I know you have taken that position

5   throughout, but I don't think that was ever agreed upon or

6   one of the actual conditions.  The government never said,

7   okay, yeah, if they're under contract, then they're exempt

8   from the subpoena.  This has come up several times during the

9   last six months and there was never an agreement on that.  Is

10  this something we really need to tee up right now?  I mean, I

11  think maybe Mr. Chalos is right, that that's a fight for

12  another day because I don't know how we would resolve that

13  right now.

14          MR. KAMMER:  I think that's true.  They would have to

15  be here unless a district judge finds otherwise.

16          THE COURT:  Okay.

17          MR. KAMMER:  I would at least put on the record that

18  the subpoena is continuing -- continuing obligation should

19  the date change, then maybe we would have to deal with that.

20          THE COURT:  I think that is a fair statement and that

21  counsel will keep them informed of the trial status, right,

22  Mr. Merrill?

23          MR. MERRILL:  Correct, Your Honor.

24          THE COURT:  Okay.  All right.  Mr. Cabanayan.

25          MR. CABANAYAN:  Yes, ma'am.

1        THE COURT:  You have agreed to return in response to

2  the subpoena on December 13th at 9:00, correct?

3        MR. CABANAYAN:  Yes, ma'am.

4        THE COURT:  But I also need you to agree that if the

5  trial date gets moved, you will return when it gets reset.

6        MR. CABANAYAN:  Yes, ma'am.

7        THE COURT:  This same subpoena will bind you to the

8  new date.

9        MR. CABANAYAN:  Yes, ma'am.

10        THE COURT:  And your lawyer, Mr. Merrill, will keep

11  you informed.

12        MR. CABANAYAN:  Yes, ma'am.

13        THE COURT:  All right.

14        MR. MERRILL:  Your Honor, if I could, I just want the

15  court to advise them that their cost of returning will be

16  paid by whatever party is enforcing the subpoena.

17        THE COURT:  That is correct.  That is the agreement.

18  So, Mr. Cabanayan, you will not have to pay to return to the

19  United States.  Whoever asks you to do so will pay that bill.

20        MR. CABANAYAN:  Yes, ma'am.  Thank you.

21        THE COURT:  All right.

22        MR. MACCOLL:  Yes, Your Honor?  Pardon me, Your

23  Honor.

24        THE COURT:  Yes, Mr. MacColl.

25        MR. MACCOLL:  On behalf of Chief Tan, in light of

1   this issue that's come up about the likely moving of the

2   trial date, I think it is likely the trial date will be moved

3   based on what my understanding is.  I would appreciate it if

4   the Court would instruct the witnesses that they should --

5   they're required to advise Mr. Merrill if they sign a

6   contract to go to sea and then Mr. Merrill be instructed to

7   advise us in advance.  For example, it could be that new

8   facts come to light and maybe we would want to preserve their

9   testimony via a second deposition, so we want to at least be

10  able to discuss that with the trial judge.  We wouldn't know

11  if someone is going to sea unless they tell us.

12          THE COURT:  That would seem to benefit everyone.  Do

13  you agree?

14          MR. CHALOS:  We would join in that, Your Honor, and

15  that we be advised what the ship is and what the company is

16  so we have some idea as to where they are and how they can be

17  reached.

18          THE COURT:  Mr. Merrill?

19          MR. MERRILL:  No objection, Your Honor.

20          THE COURT:  Okay.  Mr. Cabanayan, I also need you to

21  agree that if you sign a contract to go to sea, you alert

22  your counsel to the details of that contract.  Do you agree?

23          MR. CABANAYAN:  Yes, ma'am.

24          THE COURT:  All right.  Then I am ordering our

25  criminal mag unit to return Mr. Cabanayan's passport to him

1   on Friday.  After the parties have agreed the depositions are

2   over, he will be considered discharged from his material

3   witness warrant at the time he leaves the country early next

4   week.

5           Mr. Cabanayan, do you have any questions for the

6   Court?

7           MR. CABANAYAN:  None, ma'am.

8           THE COURT:  Thank you very much.

9           MR. CABANAYAN:  Thank you.

10          THE COURT:  Next, Gerone Bernabe.  May I have your

11  full name please, sir?

12          MR. BERNABE:  I am Mr. Gerone Himajano (phonetic)

13  Bernabe.

14          THE COURT:  All right.  Mr. Bernabe, have you

15  received a subpoena to testify at a trial matter in the

16  matter No. 21-126?

17          MR. BERNABE:  Yes, ma'am.

18          THE COURT:  Do you see that you are ordered to return

19  to this court to testify at trial on December 13, 2021, at

20  9:00 a.m.?

21          MR. BERNABE:  Yes, ma'am.

22          THE COURT:  Do you agree to do so?

23          MR. BERNABE:  Yes, ma'am.

24          THE COURT:  Do you understand that this subpoena was

25  issued on behalf of both the United States and three

1    defendants?

2          MR. BERNABE:  Yes, ma'am.

3          THE COURT:  Do you understand that the subpoena is

4    enforceable by the United States or any of the three

5    defendants?

6          MR. BERNABE:  Yes, ma'am.

7          THE COURT:  Do you understand that the cost of

8    returning you to court for that trial will be borne not by

9    you, but by whatever parties orders you to return?

10         MR. BERNABE:  Yes, ma'am.

11         THE COURT:  Do you understand that if the trial date

12   changes you will be alerted to that by your counsel,

13   Mr. Merrill, but you will bound by this subpoena for the new

14   trial date?

15         MR. BERNABE:  Yes, ma'am.

16         THE COURT:  And do you agree to return on the new

17   trial date whenever it is set, Mr. Bernabe?

18         MR. BERNABE:  Yes, ma'am.

19         THE COURT:  All right.  Then I am ordering that

20   Mr. Bernabe's passport be returned to him Friday once the

21   depositions are completed and everyone agrees they are

22   completed.  I ask that he agree to alert his counsel if he

23   signs any contract as to the details of that contract.  Do

24   you agree, Mr. Bernabe?

25         MR. BERNABE:  Yes, ma'am.

1        THE COURT:  And I order that his material witness

2   warrant be considered discharged at the time he leaves the

3   country early next week.

4        MR. BERNABE:  Thank you ma'am.

5        THE COURT:  All right.  Thank you.  Mr. Bernabe, do

6   you have any questions?

7        MR. BERNABE:  I have none, ma'am.

8        THE COURT:  Thank you very much.

9        Next will be Manuel Baliad, II.

10       May I have your full name please, sir?

11       MR. BALIAD:  I am Manuel Balione (phonetic) Baliad,

12   II.

13       THE COURT:  Thank you, Mr. Baliad.  Have you received

14   a subpoena to testify at a trial in Case No. 21-126?

15       MR. BALIAD:  Yes, ma'am.

16       THE COURT:  Do you see that it requires that you

17   return for trial in this matter on December 13, 2021, at

18   9:00 a.m.?

19       MR. BALIAD:  Yes, ma'am.

20       THE COURT:  Do you agree to do so?

21       MR. BALIAD:  Yes, ma'am.

22       THE COURT:  Do you understand that this subpoena has

23   been issued on behalf of the United States and the three

24   defendants?

25       MR. BALIAD:  Yes, ma'am.

1          THE COURT:  Do you understand, Mr. Baliad, that it is

2     enforceable by the United States or any of the three

3     defendants?

4          MR. BALIAD:  Yes, ma'am.

5          THE COURT:  Do you understand that should the trial

6     date change you will still be under the obligation to return

7     on the new date?

8          MR. BALIAD:  Yes, ma'am.

9          THE COURT:  Do you understand that the cost of your

10    returning to the United States will be borne not by you, but

11    by the party asking that you respond to the subpoena and

12    return for trial?

13         MR. BALIAD:  Yes, ma'am.

14         THE COURT:  Do you agree to advise your attorney if

15    you sign a contract to go to sea and give your attorney the

16    details of that contract?

17         MR. BALIAD:  Yes, ma'am.

18         THE COURT:  Then I order that Mr. Baliad's passport

19    be returned to him on Friday once the depositions are

20    complete and that he be deemed discharged from his material

21    witness warrant at the time he leaves the country early next

22    week.

23         Mr. Baliad, do you have any questions?

24         MR. BALIAD:  No, ma'am.

25         THE COURT:  All right.  Thank you.

1          MR. BALIAD:  Thank you.

2          THE COURT:  Mr. Louie Gonzaga.  May I have your full

3    name please, sir?

4          MR. GONZAGA:  My name is Louie Mazanda (phonetic)

5    Gonzaga.

6          THE COURT:  Mr. Gonzaga, have you received a subpoena

7    to testify at a trial in Criminal Case No. 21-126?

8          MR. GONZAGA:  Yes, ma'am.

9          THE COURT:  Do you see that it requires you to return

10   to trial in this district on December 13, 2021, at 9:00 a.m.?

11         MR. GONZAGA:  Yes, ma'am.

12         THE COURT:  Mr. Gonzaga, do you agree to do so?

13         MR. GONZAGA:  Yes, ma'am.

14         THE COURT:  Do you understand that this subpoena has

15   been issued on behalf of the United States and the three

16   defendants?

17         MR. GONZAGA:  Yes, ma'am.

18         THE COURT:  Mr. Gonzaga, do you understand that it is

19   enforceable by the United States or any of the other three

20   defendants?

21         MR. GONZAGA:  Yes, ma'am.

22         THE COURT:  Do you understand that should the trial

23   date change you may be required to come back to the United

24   States on a different date and this subpoena binds you to do

25   so?

1        MR. GONZAGA:  Yes, ma'am.

2        THE COURT:  Do you understand that the cost of your

3   returning will be borne by the party asking you to return and

4   not by you?

5        MR. GONZAGA:  Yes, ma'am.

6        THE COURT:  Mr. Gonzaga, do you agree to advise your

7   attorney if you sign a contract you'll give him the details

8   of that contract?

9        MR. GONZAGA:  Yes, ma'am.

10       THE COURT:  Then I order that Mr. Gonzaga's passport

11  be returned to him on Friday after the completion of the

12  depos and that he be considered discharged from his material

13  witness warrant at the time he leaves the country early next

14  week.

15       Mr. Gonzaga, do you have any questions?

16       MR. GONZAGA:  I have none, ma'am.

17       THE COURT:  Thank you.

18       And, finally, Nimuel Nalagon, and, finally, as in

19  interpreting in Tagalog and then we'll move on to Captain

20  Akkaya.

21       Okay.  May I have your full name please, sir?

22       MR. NAGALON:  I am Nimuel Abukie (phonetic) Nalagon,

23  ma'am.

24       THE COURT:  Mr. Nalagon, have you received a subpoena

25  to testify at a trial in Criminal Action No. 21-126?

1          MR. NAGALON:  Yes, ma'am.

2          THE COURT:  Do you see that it requires you to return

3    to this district for trial on December 13, 2021, at

4    9:00 a.m.?

5          MR. NAGALON:  Yes, ma'am.

6          THE COURT:  Do you understand that it has been issued

7    on behalf of both the United States and the three defendants?

8          MR. NAGALON:  Yes, ma'am.

9          THE COURT:  Do you understand that it is enforceable

10   by either the United States or any of the three defendants?

11         MR. NAGALON:  Yes, ma'am.

12         THE COURT:  Do you understand that should the trial

13   date change you are subject to the same obligation under the

14   subpoena to return for the new date?

15         MR. NAGALON:  Yes, ma'am.

16         THE COURT:  Do you understand that the cost of your

17   returning will be borne by the party asking for it and not by

18   you?

19         MR. NAGALON:  Yes, ma'am.

20         THE COURT:  Mr. Nalagon, do you agree to advise your

21   attorney if you sign a contract to go to sea and give your

22   attorney the details of that contract?

23         MR. NAGALON:  Yes, ma'am.

24         THE COURT:  Then I order Mr. Nagalon's passport to be

25   returned to him on Friday once the depositions are complete

1   and that he be discharged from his material witness warrant

2   at the time he leaves the country early next week.

3          Do you have any questions?

4          MR. NAGALON:  I have none, ma'am.

5          THE COURT:  Thank you.

6          All right.  Then I will take Captain Akkaya and the

7   Turkish interpreter.

8          And thank you for your service, Madam Interpreter.

9          All right.  Good afternoon, Captain Akkaya.  Can I

10  have your full name, please?

11         CAPTAIN AKKAYA:  Haldun Akkaya.

12         THE COURT:  All right.  Captain Akkaya, have you

13  received a subpoena to testify at a trial in Criminal Action

14  21-126?

15         CAPTAIN AKKAYA:  Yes, I did.

16         THE COURT:  Thank you.

17         And let the record reflect the captain is looking at

18  the subpoena as we discussed it, as did all of the preceding

19  witnesses.

20         Do you see that the subpoena requires you return to

21  this district for trial on December 13, 2021, at 9:00 a.m.?

22         CAPTAIN AKKAYA:  Yes.

23         THE COURT:  Do you agree to do so, sir?

24         CAPTAIN AKKAYA:  Yes, I do.

25         THE COURT:  Do you understand that this subpoena has

1   been issued on behalf of the United States and also the three

2   defendants in the case?

3          CAPTAIN AKKAYA:  Yes.

4          THE COURT:  Do you understand that it is enforceable

5   by the United States or any of the three defendants?

6          CAPTAIN AKKAYA:  Yes.

7          THE COURT:  Do you understand that should the trial

8   date change you would still be subject to this obligation to

9   return to testify pursuant to this subpoena?

10         CAPTAIN AKKAYA:  I do.

11         THE COURT:  Do you understand the cost of your

12  returning would be borne by the party asking for your return

13  and not by you?

14         CAPTAIN AKKAYA:  Yes.

15         THE COURT:  And do you agree to advise your attorney

16  if you sign a contract to go to sea of the details of that

17  contract?

18         CAPTAIN AKKAYA:  I do.

19         THE COURT:  Then I am ordering Captain Akkaya's

20  passport to be returned to him Friday at the conclusion of

21  the depositions and that he be deemed released from his

22  material witness warrant when he leaves the country early

23  next week.

24         Do you have any questions, Captain Akkaya?

25         CAPTAIN AKKAYA:  No.

1          THE COURT:  Thank you very much.

2          Is there anything else from the government?

3          MR. KAMMER:  Not by the government, Your Honor.

4          THE COURT:  Thank you.

5          Anything else from you, Mr. Merrill?

6          MR. MERRILL:  No, Your Honor.  Thank you very much

7   for this accommodation.  We appreciate it.

8          THE COURT:  Sure.

9          Mr. Chalos, anything?

10         MR. CHALOS:  Nothing, Your Honor.  Thank you.

11         THE COURT:  Mr. MacColl?

12         MR. CABANAYAN:  No.  Thank you, Your Honor.

13         THE COURT:  All right.  Then thank you.

14         I do want to express since this is the last time I

15  will probably see these witnesses other than in the hall that

16  I greatly appreciate what you suffered staying here for the

17  past six months, that this has been a real hardship and I

18  thank you.

19         That concludes the docket.  Thank you.

20                      * * * *

21         (WHEREUPON, the proceedings were adjourned.)

22                      * * * *

23

24

25

1              REPORTER'S CERTIFICATE

2          I, Nichelle N. Wheeler, RMR, CRR, Official Court
   Reporter, United States District Court, Eastern District of
3  Louisiana, do hereby certify that the foregoing is a true and
   correct transcript, to the best of my ability and
4  understanding, from the record of the proceedings in the
   above-entitled and numbered matter.

5

6                      /s/ Nichelle N. Wheeler
                      Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25