UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| v. | * | SECTION: "S" |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TAN'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ACCUSING HIM OF FAILING TO MAINTAIN AN OIL RECORD BOOK OR VIOLATING MARPOL**

NOW COMES defendant Warlito Tan, by and through his counsel, and submits the following memorandum of law in support of his motion in limine to preclude the government from accusing him of failing to maintain an oil record book or violating MARPOL. To be clear, defendant Tan did not fail to make ORB entries to the best of his ability, nor did he violate the laws of any country implementing the MARPOL convention. But whether he, as a chief engineer, "failed to maintain an ORB" and whether, on the high seas, he "violated MARPOL" are not even plausible U.S. crimes, and the government should not confuse the jury with false assertions to the contrary.

## INTRODUCTION

In its second memorandum in support of serial motions to exclude experts (Document 256-1) the government continues to assert that defendant Tan committed the crime of "failing to maintain an accurate Oil Record Book" (United States' Memorandum in Support of Second Motion to Exclude Expert Witness Testimony, Rec. Doc. 256-1 at 3). As detailed below, and in many prior filings, it is conclusively established that foreign chief engineers on foreign vessels are not responsible under U.S. law for maintaining the ORB and therefore cannot commit the

crime of failing to fulfill that duty (although the Court has ruled that chief engineers may willfully cause a captain to commit the offense).  The government's latest filing also repeats the government's legally impossible and factually mistaken assertion that Tan "violated MARPOL." For example, in its latest memorandum, the government asserts Chief Tan committed a "MARPOL violation" and that it is irrelevant whether "defendant violated MARPOL a little or a lot" (Rec. Doc. 256-1, pp. 3, 7).

As the government knows, it is not legally possible for defendant Tan to have violated MARPOL or any law requiring the maintenance of an ORB.  The government's loose talk in Court filings raises a concern that it will continue to make such assertions in front of the jury, causing confusion.  Accordingly, Chief Tan has moved to preclude such false assertions of non-existent or impossible offenses.

## DISCUSSION

**1. Defendant Tan cannot be tried for or be guilty of failing to maintain an ORB.**

Count 1 of the indictment charges that defendant Tan "did knowingly fail and cause the failure to maintain an accurate ORB for the *M/V JOANNA*" in supposed violation of the Act to Prevent Pollution at Sea ("APPS").  Yet the Fifth Circuit. has squarely held: "Chief engineers on foreign-flagged vessels cannot, however, be prosecuted simply for having previously failed to maintain an oil record book once a ship enters U.S. waters, since 33 C.F.R. § 151.25 assigns that duty explicitly and exclusively to the 'master or other person having charge of the ship.'" *United States v. Fafalios,* 817 F.3d 155, 162 (5th Cir. 2016).  Hence, Chief Tan cannot be convicted of failing to maintain an accurate ORB.  The government should not assert otherwise before the jury.

The government may not mischaracterize the law to suggest that Tan had responsibilities or committed offenses that do not exist or that he could not commit. *See United States v. Bennett,* 874 F.3d 236, 254 (5th Cir. 2017) ("We have repeatedly chastised federal prosecutors for making improper remarks in closing arguments"), quoting *United States v. Bowen,* 818 F.3d 179, 191 (5th Cir. 2016); *see also United States v. Young,* 470 U.S. 1, 7 (1985) (while prosecutor "may strike hard blows, he is not at liberty to strike foul ones"); *United States v. Mooney,* 315 F.3d 54, 59 (1st Cir. 2002) (condemning prosecutorial comments that "interjected issues having no bearing on the defendant's guilt or innocence and improperly appealed to the jury to act in ways other than as dispassionate arbiters of the facts").

**2. The government should not be permitted to accuse defendant Tan of "violating MARPOL."**

Even if all the government's mistaken speculation about what Chief Tan did and knew on the high seas were accurate, it could not be said that defendant Tan violated MARPOL for at least three reasons. First, MARPOL "is not a self-executing treaty." *United States v. Pena,* 684 F.3d 1137, 1142 (11th Cir. 2012). Instead, each signatory agrees to "give effect" to it by establishing rules for ships that fly its flag, certifying compliance, and sanctioning those ships that are not in compliance. *Id.; United States v. Ionia Management S.A.,* 555 F.3d 303, 307 (2d Cir. 2009); *see* MARPOL arts. 1(1), 4(1), 5(1). Hence, a ship is not properly said to be in violation of MARPOL, but rather of the laws of a country implementing MARPOL; on the high seas, the ship can only be in violation of rules or laws established by its flag state to implement MARPOL, for the flag state is designated by MARPOL as the Administration for that ship and responsible to prescribe and impose penalties. If, hypothetically, a ship engages in conduct on the high seas that is inconsistent with MARPOL but conforms with the law of the flag state

3

(because the flag state either is not a party to MARPOL or has failed to fully implement it), that ship has not violated any law.

Second, MARPOL contemplates that ships, not crew members, may violate the annexes (or regulations) prescribed under MARPOL. For example, Article 4, paragraph (3) of the '73 Convention sets forth the process for port states and the flag state (i.e. the MARPOL Administration) to coordinate where the port state has information about a violation "by a ship."

Third, defendant Tan was a non-American employee of a vessel flying the flag of the Republic of the Marshall Islands. If he violated any environmental law while at sea, it could only be the law of the Marshall Islands. Though the United States has implemented MARPOL through APPS, he cannot be prosecuted for any high-seas violation in the United States. *See Fafalios,* 817 F.2d at 162.

These are not technical quibbles. Words matter. For the government to insist that defendant Tan "violated MARPOL" would misleadingly suggest to the jury that he committed a crime beyond the narrow offense the Court has ruled constitutes an offense against the United States charged in Count One: willfully causing the Captain to fail to maintain a record book. The government appears poised to confuse the jury with assertions that Chief Tan committed some other offense – or a suspected non-criminal violation of some other countries' laws that cannot be prosecuted in the United States. *See* 33 U.S.C. § 1902(a).

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the government from referring at trial to either any alleged failure to maintain the ORB by defendant Tan or any violation of MARPOL by defendant Tan.

DATED this 24th day of October 2022.

      /s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com
williammost@gmail.com


/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan


CERTIFICATE OF SERVICE

    I do hereby certify that on the above date I made service of the above document by electronically filing the same using the Court's EM/ECF system.

    /s/ Edward S. MacColl

5