UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| v. | * | SECTION: "S" |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

## WARLITO TAN'S RESPONSE TO WITNESS BERNABE'S MOTION TO RELEASE WITNESS FROM SUBPEONA

NOW COMES defendant Warlito Tan, the former Chief Engineer of the foreign-flagged M/V JOANNA and a resident and citizen of the Republic of the Philippines, and respectfully responds to Gerone Bernabe's motion to be released from trial subpoena.

Defendant Tan does not object to the motion so long as the parties and the Court do not lose the ability to play Mr. Bernabe's video tape deposition. The deposition was taken last October, after Mr. Bernabe had been held for seven months. Chief Tan, and all parties, went to substantial inconvenience and effort to go forward with the depositions. At the government's request, the Court ordered defendant Tan to prepare the final video, consistent with the Court's rulings on the objections of both sides, and defendant Tan has done so. The fully-edited video is one hour, forty-one minutes, and forty-one seconds.

The government's response to the motion notes that defendant Tan anticipated Mr. Bernabe's motion at last week's pretrial conference, seeming to suggest some impropriety. Instead, when it became apparent the government would object to the introduction of Mr. Bernabe's depositions, his lawyer asked Chief Tan's counsel to forego Mr. Bernabe's testimony.

Because Chief Tan considers Mr. Bernabe's testimony important, counsel respectfully declined, but said defendant Tan would not oppose a motion to excuse Mr. Bernabe's presence if the video could be played.

At the pretrial conference the government asserted that Chief Tan's objections to some government exhibits was forcing the government to bring a witness here from Athens to authenticate exhibits. Counsel assured the Court and the government that he would work cooperatively to resolve the objections if possible, explaining that Chief Tan and his lawyers are reasonable people.

Sadly, the government fails to display a similarly reasonable, practical approach. None of the government-cited cases address whether a citizen of a distant foreign country who had been held here for seven months, gave a Rule 15 deposition, and was allowed to leave on the condition that he would return indefinitely is "available" within the meaning of Rule 804 or may properly be required to return, under parole, to the nation where he was detained to give testimony. Certainly, no statute or rule requires the government to take such an unreasonable position.

The Rules of Evidence and Fifth Circuit precedent make clear that "it is the burden of the party offering documentary evidence to provide proof of its authenticity; it is not the burden of the opposing party to prove that the evidence is not authentic." *Haynes v. Pennzoil Co.*, 141 F.3d 1163, 1998 WL 197784, at 3 (5th Cir. 1998). Chief Tan remains committed, however, to resolving issues efficiently without wasting Court, juror, or witness time – and to presenting the trial evidence in an efficient manner.

The government's contention that Mr. Bernabe should give up weeks of his life to provide testimony that already exists on a fully-edited, easily understood video less than two hours long is decidedly unreasonable.

To the extent the government's objection suggests that Chief Tan has, or ever had, a joint defense agreement with Mr. Bernabe, the suggestion is false. No such agreement ever existed.

## CONCLUSION

As no published decision suggests a witness in Mr. Bernabe's circumstance is an available witness within the meaning of rule 803 or can be compelled by a U.S. court to travel 8,000 miles to appear for trial, Chief Tan respectfully suggests Mr. Bernabe ought in good conscience to be excused from personal appearance if, but only if, his video deposition may be played.

If the video will otherwise be excluded, Chief Tan reluctantly asks that the motion be denied and that Mr. Bernabe appear.

DATED this 24th day of October 2022.

    /s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com
williammost@gmail.com


/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan

CERTIFICATE OF SERVICE

    I do hereby certify that on the above date I made service of the above document by electronically filing the same using the Court's EM/ECF system.

                                               /s/ Edward S. MacColl