UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 21-126** |
| | * | |
| v. | * | **SECTION: "S" (4)** |
| | * | |
| **EMPIRE BULKERS, LTD.,** | * | |
| **JOANNA MARITIME LIMITED, AND** | * | |
| **WARLITO TAN** | * | |

* * * *

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO RELEASE WITNESS FROM TRIAL SUBPOENA

**NOW INTO COURT**, through undersigned counsel, comes witness Gerone Bernabe (the "Witness") who respectfully submits this reply memorandum in support of his motion to release him from his trial subpoena issued in October 2021 in the above-captioned matter. The primary purpose of this Reply is to point out to this Court the many mistaken and/or misleading assertions of fact contained in the government's opposition (Rec. Doc. 262) to the Witness's motion.

First, the government's suggestion that the requirement for Mr. Bernabe's return for trial has been extensively litigated is in accurate and misleading (Rec. Doc. 262, Gm at 1). The issue of a witness's unavailability has not been previously litigated. As noted by the Court upon the Witnesses release in October 2021, that issue was left for resolution on another day:

> Is this something we really need to tee up now? I mean, I think maybe Mr. Chalos is right, that <u>that's a fight for another day because I don't know how we would resolve that.</u>

Rec. Doc. 262-1, Ex. A at p.8 (emphasis added);

Second, the government incorrectly asserts that the "corporate defendants, defendant Tan, and the crew members are in a Joint Defense Agreement." Rec. Doc. 262, p. 3, fn. 2.  There has never been a Joint Defense Agreement in this case and this Court and the government were advised of this fact in the Witnesses Reply to the government's objections to the Witnesses original Motion to Release Witnesses filed last April. Rec. Doc. 132, p. 2. In that instance, the government improperly suggested that the Witnesses were "adverse witnesses" who entered into a joint defense agreement with the defendants (*Id.*), suggesting that it was somehow improper for them to refuse to testify before the grand jury without adequate protection, i.e., immunity from prosecution.  The Witnesses at that time stated:

> The Witnesses have never entered into a joint defense agreement, nor could they have done so, because prior to indictment on September 30, 2021, there were no "defendants" in this matter, only witnesses and targets of the grand jury's investigation.  Moreover, counsel for the Witnesses would not have been zealously representing his clients' best interests had he not requested, and received, immunity for his clients before they testified before the grand jury in this matter.

Rec. Doc. 132, p.2.

In this regard, the Witnesses were also constrained to note that, contrary to the government's assertion, they never caused any delay in this investigation, nor did they "actively work[] together throughout this matter to delay and obstruct the proceedings." Rec. Doc 262, p. 3, fn.2.   The Witnesses, who each ultimately testified on multiple occasions before the grand jury, often had their scheduled grand jury appearances cancelled at the last moment by the government due to 1) the lack of a grand jury quorum; 2) lack of scheduled time before the grand jury; and 3) Hurricane Ida.

Third, the government suggests because of the simple expedience that his contract ended sooner than the other crewmembers, who remain at sea, that Mr. Bernabe should be

required to travel to the Eastern District from the Philippines. Rec. Doc. 262, p. 3 ("Mr. Bernabe must now return because he is no longer employed on an oceangoing vessel."). Upon information and belief, the parties will use the edited and Court-approved Rule 15 video depositions of the other three crewmembers who remain at sea.[1]

While Mr. Bernabe understands that this Court prefers live testimony over deposition testimony at a criminal trial, three other witnesses, at least two of whom have information relevant to the instant issues that he does not possess, will have their testimony introduced through their edited, videotaped depositions. Mr. Bernabe respectfully requests that this Court similarly find him "unavailable" given the hardships that he has already endured in this matter and will continue to endure, as set forth is his main Motion, should he have to make the almost 9,000-mile one-way journey here from his home and his family in the Philippines for two hours of "live" testimony.[2]

Lastly, the government suggests that Mr. Bernabe inquired about travel, lodging, per diem and visas/parole documents. Rec. Doc 262, at p. 4. This is correct, but he also had to repeat his requests to the government before it would answer any of them, including whether it intended to call Mr. Bernabe as a witness. Undersigned counsel first found out that it did not intend to call him from Defendant Tan's attorney, not from the government.

---

[1] Neither party deposed Wiper Louie Gonzaga nor intends to call him at trial and Oiler Nimuel Nalagon has not been heard from since December 2021, despite the efforts of counsel, and remains under the trial subpoena issued in October 2021.

[2] In this regard, Mr. Bernabe must also note that this is an issue only because the government has chosen to make it an issue. If both sides agreed that Mr. Bernabe were unavailable, it is doubtful that the Court would find otherwise. Undersigned counsel has had experience in other federal criminal trials where an expert witness had previous plans of long standing to take his family to Disney World when the trial was finally scheduled and the government and undersigned counsel agreed to take a pretrial deposition of that witness in lieu of forcing him to testify live at trial.

**WHEREFORE**, witness Gerone Bernabe respectfully prays this Honorable Court will release him from any subpoena requiring his presence for trial in this matter.

Respectfully submitted,

*/s/ Jacob K. Weixler*
Jacob K. Weixler (36076)
Weixler Law LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
Tel.: (504) 408-2180
Fax: (504) 814-1728
jkw@weixlerlaw.com

-AND-

*/s/ Bruce M. Merrill*
Bruce M. Merrill, (Me. Bar No. 7623)
Law Offices of Bruce M. Merrill, P.A.
225 Commercial Street
Suite 501
Portland, ME  04101
(207)  775-3333
E-mail: mainelaw@maine.rr.com
*Admitted Pro Hac Vice*

*Attorneys for Gerone Bernabe*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Jacob K. Weixler*
JACOB K. WEIXLER