# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-126** |
| **WARLITO TAN** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States' **Second Motion to Exclude Expert Witness Testimony** (Rec. Doc. 256) is **DENIED**.

## BACKGROUND

Detailed facts of this case have been set forth in prior orders of the court, and are thus not restated here. Defendant Warlito Tan, the Chief Engineer aboard the M/V JOANNA, is charged, inter alia, with willfully causing the vessel's captain to present an inaccurate Oil Record Book ("ORB") upon arrival in the Port of New Orleans. In anticipation of trial, Tan has designated Antonis Panagiotareas as an expert in maritime engineering. He has also designated two alternate expert witnesses in the event Panagiotareas should become unavailable, Gerasimos Aretos and Iannis Zoumis. The designated testimony relates to the effect of a metal insert or chock welded to a valve handle and hidden behind a guard on the Oil Content Meter ("OCM") of the M/V JOANNA. The government charges that this modification resulted in inaccurate readings on the vessel's OCM, which formed the basis of the alleged inaccurate entries in the vessel's ORB.

In the instant motion, the government seeks to exclude expert witness testimony of all three of Tan's experts.

## APPLICABLE LAW

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1) the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable principles and methods, and (3) the witness [must have] applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589. However, "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 562 (5th Cir. 2004) (quoting United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996)). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination [and] presentation of contrary evidence ... are the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 1078, citing Daubert, 509 U.S. at 596.

**DISCUSSION**

***Objection No. 5*[1]**

In its fifth objection, the government seeks to exclude Panagiotareas' testimony that if (1) the USCG ordered and conducted tests to demonstrate that a diluted sample of OWS effluent was frequently or usually tested by the OCM as containing 3 to 4 parts per million ("ppm") of oil, and (2) if the government's tests demonstrate that the OCM was reliable except that, due to a dirty lens, it overstated oil content, and (3) that, as a result the allegedly diluted samples contained no parts per million of oil, then it necessarily follows that the undiluted sample also contained no or virtually no oil.

The government argues that this testimony is irrelevant, false, and confusing to the jury, because the indictment includes no charge that requires it to prove the actual ppms of any particular sample or discharge, and *any* dilution (regardless of degree) of the sample, or running the sample through an improperly function OWS and OCM, are violations of MARPOL. The government further argues that Panagiotareas' opinion misrepresents the government's evidence, because its tests do not reflect that the OCM was reliable except for a dirty lens, but rather that the OCM was not reliable because a metal plate was illegally inserted into the valve handle to allow fresh water to dilute the sample.

Tan counters, arguing that the testimony is necessary to rebut the government's expert testimony. The government has designated expert testimony from its own maritime expert, James

_____

[1]The government submitted a total of ten objections to defendant's original and supplemental designations. All but objections 5, 9, and 10 have been previously resolved or rendered moot.

Dolan. Dolan's expected testimony includes the following, with respect to tests that Dolan observed that were performed by MacKay Marine:

> MacKay introduced a known sample of "0" ppm water to the OCM but was unable to obtain a "0" ppm reading. Instead, it read approximately 3-4 ppm. Only after vigorous cleaning of the sensor was MacKay able to obtain a "0" ppm reading of a known sample of "0" ppm fluid. MacKay determined, and Mr. Dolan concurs, that these tests and cleaning of the sensor indicate that at the time of the recording of prior operations, the baseline of the OCM was not "0."

Rec. Doc. 134-2, Gov't's Notice of Expert Witness James Dolan. Thus, Dolan will testify that for some period of time the actual OCM from the vessel had a dirty sensor that reflected the presence of 3-4 ppm of oil in the discharge when there was actually no oil present.

The government's case against Tan is premised on the contention that he knew the OCM was modified to result in readings lower than they actually were. However, the government's witness has provided testimony suggesting that the equipment (at least at some point in time) was defective in a way that reflected higher readings than were accurate. The challenged testimony seeks to explore the effect of this finding on Dolan's ultimate conclusions. As such, it is relevant, permissible rebuttal testimony.

*Objection No. 9*

The government also objects to Panagiotareas' expected testimony that he secured the duplicate OCM used in the testing conducted by Gerasimos Aretos and Iannis Zoumis, that he performed tests on it similar or identical to their tests, and that he reached the same conclusions summarized in the April 18, 2022 disclosure of those witnesses' expected testimony. The government argues that Panagiotareas did not secure a "duplicate" OCM to the one on the M/V

JOANNA, because it is apparent from photographs that the OCM used by the defendant's experts is different from the one on the M/V JOANNA. In addition, while Aretos and Zoumis concluded that the metal insert used to improperly alter the OCM onboard the M/V JOANNA did not cause the OCM to dilute the effluent sample with fresh water, this finding was not based on a test of the original OCM.

Tan counters that Panagiotareas' testing of another Deckma OCM of the same make and model as the seized OCM is fully and adequately disclosed, is consistent with Panagiotareas' testing of the seized OCM, and is relevant because the government has listed exhibits designed to show the model generally is susceptible to metal chock cheating.

The court finds that this objection goes to the bases for the experts' opinion. Questions relating to the bases of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility. Primrose Operating Co., 382 F.3d at 562. The appropriate place for the government to challenge the bases for Panagiotareas' opinion is during cross-examination. Accordingly, this testimony will not be excluded.[2]

***Objection No. 10***

---

[2]The government also argues that Tan has not made adequate disclosures pursuant to Rule 16(b)(1)(B)(ii) and (C), because Panagiotareas did not submit a report or provide a reciprocal live demonstration of his testing. Under Rule 16(b), the defendant is not required to provide an expert report, but rather to allow the government to inspect and copy the results or reports of scientific tests or experiments if they were within the defendant's possession or control and the defendant intends to use them in his case-in-chief at trial, or to call the witness who prepared the report. FED. R. CRIM. P. 16(b)(1)(B). The defense provided the government with detailed expert designations and a video of its testing in April, 2022, and brought the Deckma OCM to New Orleans and permitted the government to conduct any private testing that does not alter the machine. The court finds that Tan has complied with his disclosure obligations.

The government objects to Panagiotareas' expected testimony that any dilution of the sample during operation of the OCM with the metal chock in place was minimal, that the metal chock did not have a material impact on the functionality of the OCM or the OWS, and that the ORB entries that appear to be the object of the charges against defendant Tan were accurate and reasonable. The government argues that this proposed testimony is misleading and irrelevant, because whether defendant violated MARPOL a little or a lot is irrelevant. The government further argues that MARPOL Regulation 15 clearly states that "any discharge into the sea of oil or oily mixtures from ships" is prohibited unless, inter alia, "the oil content of the effluent *without dilution* does not exceed 15 ppm." MARPOL, Reg. 15 (A)(2) and (A)(2)(.3) (emphasis added); accord 33 C.F.R. § 151.10(a)(5), (b)(3). Thus, the government contends that the defendant cannot advocate to the jury that dilution was minimal such that the jury should ignore the law. The government further argues that defendant has not complied with Rule 16, because it has not provided metrics or a scientific bases for the conclusions that any dilution was minimal, and the modification did not materially affect the functionality of the OCM.

Tan counters that Panagiotareas' supplemental testimony is important rebuttal. According to Tan, the government proposes to conduct a demonstration before the jury to show that some level of dilution may occur, but argues the defense should be prohibited from pointing out that the government's own test shows that any dilution is minimal and inconsistent with some of the government's contentions.

The court agrees with defendant that the objected to evidence is admissible to rebut the government's expert testimony. With respect to Rule 16, the court has determined that

6

defendant's disclosures were adequate. See supra, n. 2. To the extent the government's issue with the disclosures is that defendant has not provided metrics or a scientific bases for the conclusions that any dilution was minimal, the supplemental report states that Panagiotereas employed similar or identical tests to those performed by Aretos and Zoumis on the same equipment. Those tests and findings were provided to the government in April 2022, as were videos of the tests themselves. To the extent the government disagrees with the metrics employed therein, that is a challenge to the basis for the opinion, which is properly challenged on cross-examination and does not require exclusion.

***Defense Experts Gerasimos Aretos and Iannis Zoumis***

Defendant has designated Aretos or Zoumis in the event that Panagiotareas is unavailable. The government complains that the deadline for noticing expert witnesses has passed and at this juncture, the defense should be able to state definitively whether Panagiotareas is available for trial, set to commence on November 7, 2022. Tan has responded that as of the present, Panagiotareas is available for trial, and he does not anticipate calling Aretos and Zoumis, but designated them in an abundance of caution, in the event Panagiotareas should become unavailable. In the midst of the Covid-19 pandemic, which has already required this matter to be continued, the court considers this a prudent precaution, and considering that Aretos and Zoumis were disclosed to the government six months ago, finds there is no prejudice to the government.

**CONCLUSION**

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the United States' **Second Motion to Exclude Expert Witness Testimony** (Rec. Doc. 256) is **DENIED**.

New Orleans, Louisiana, this ___26th___ day of October, 2022.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

8