UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-126** |
| **WARLITO TAN** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Release Witness from Trial Subpoena** (Rec. Doc. 258) filed by Gerone Bernabe is **GRANTED**, and the subpoena *ad testificandum* directed to Bernabe is **QUASHED**;

**IT IS FURTHER ORDERED** that Bernabe's testimony may be introduced at trial via deposition.

BACKGROUND

Gerone Bernabe is a Philippine citizen who worked as an electrician aboard the M/V JOANNA, the vessel with which the instant litigation is concerned. Following the Coast Guard's discovery of alleged violations when it boarded the ship on arrival in the Port of New Orleans, Bernabe was detained for seven months as a material witness. Ultimately, his videotaped, in-court and court-supervised deposition was taken pursuant to Federal Rule of Criminal Procedure 15. On October 13, 2021, he was discharged from the material witness warrant with the understanding that he would return for trial if he was not shipboard on a contract when the trial was held. At the time, trial was scheduled for December 2021. It has since been twice continued and is set to commence on November 7, 2022. Bernabe's latest contract ended August 2022, and

at present he is not working under a shipping contract. A citizen and resident of the Philippines, Bernabe seeks to be released from the subpoena based on the onerousness of compliance. To appear at trial would require nearly 24 hours of travel time between Manila and New Orleans, not including time spent getting to Manila from Bernabe's home island, and any quarantine period required after his arrival in Manila. In total, it would require a week of Bernabe's time to provide approximately two hours of testimony. Further, Bernabe emphasizes that his testimony is not necessary because it may be introduced via video deposition. Counsel have made designations of Bernabe's Rule 15 deposition testimony, the court has ruled on the parties' related objections, and the video deposition has been edited for presentation at trial.

Nevertheless, the government, *which does not intend to call Bernabe at trial* despite detaining him for seven months as a material witness, does not agree to allowing him to testify via deposition.

## DISCUSSION

Rule 17(e)(2) of the Rules of Criminal Procedure provides: "If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service." Section 1783 provides that a "court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of *a national or resident of the United States* who is in a foreign country. . . ." 28 U.S.C. § 1783(a) (emphasis added). " 'Aliens who are inhabitants of a foreign country cannot be compelled to respond to a subpoena. They owe no allegiance to the United States.' " United States v. Serhan, 2015 WL 4886578, at *1 (E.D. Mich. Aug. 17, 2015) (quoting Gillars v. United States, 182 F.2d 962, 978 (C.A.D.C.1950) (citing

Blackmer v. United States, 284 U.S. 421 (1932)); see also, United States v. Zabaneh, 837 F.2d 1249, 1259-60 (5th Cir. 1988) ("[T]he United States courts lack power to subpoena witnesses, (other than American citizens) from foreign countries."); United States v. Moussaoui, 382 F.3d 453, 463–64 (4th Cir. 2004) (recognizing "the well established and undisputed principle that the process power of the district court does not extend to foreign nationals abroad."); United States v. Theresius Filippi, 918 F.2d 244, 246 n.2 (1st Cir. 1990) ("The United States has no subpoena power over a foreign national in a foreign country."). Accordingly, this court lacks the authority to subpoena Bernabe to testify in the upcoming trial. Because he will be absent from the trial and cannot be procured by process to attend, pursuant to Federal Rule of Evidence 804(a), he is unavailable. His video deposition testimony may therefore be admitted pursuant to Federal Rule of Criminal Procedure 15.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion to Release Witness from Trial Subpoena** (Rec. Doc. 258) filed by Gerone Bernabe is **GRANTED**, and the subpoena *ad testificandum* directed to Bernabe is **QUASHED**;

**IT IS FURTHER ORDERED** that Bernabe's testimony may be introduced at trial via deposition.

New Orleans, Louisiana, this  27th  day of October, 2022.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**