UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| **v.** | * | **SECTION: S** |
| **WARLITO TAN** | * | |
| | * | |
| * * * | | |

**UNITED STATES' UPDATED REQUESTED SPECIAL JURY INSTRUCTIONS**

  The United States respectfully submits these updated instructions in light of the corporate defendants' guilty pleas, rulings of the Court, and recent litigation between the parties. The government requests that these requested jury instructions supersede the original ones submitted to the Court. *See* Rec. Doc. 177. The United States requests the attached Jury Instructions be given to the jury in addition to the following Standard Fifth Circuit Pattern Jury Instructions ordinarily given by the Court[1]:

  1.01 Preliminary Instructions

  1.03 Introduction to Final Instructions

  1.04 Duty to Follow Instructions

  1.05 Presumption of Innocence, Burden of Proof, Reasonable Doubt

  1.06 Evidence - Excluding What is Not Evidence

  1.08 Evidence - Inferences – Direct and Circumstantial

  1.09 Credibility of Witnesses

  1.10 Character Evidence (if applicable)

---

[1] Pursuant to the Scheduling Order (Rec. Doc. 123 at 2), the government reserves the right to supplement, amend, and/or revise these proposed instructions through the close of evidence.

1.11    Impeachment by Prior Inconsistencies

1.15    Immunity

1.18    Expert Opinion Testimony

1.19    On or About

1.21    Caution – Consider Only Crime Charged

1.22    Caution – Punishment

1.26    Duty to Deliberate

1.27    Unanimity of Theory

1.28    Confession – Statement – Voluntariness (Single Defendant)

1.37    Knowingly

1.42    Deliberate Ignorance

1.48    Cautionary Instruction During Trial – Transcript of Tape-Recorded Conversation

1.43    Summaries and Charts Not Received in Evidence (if applicable)

1.44    Summaries and Charts Received in Evidence (if applicable)

|  |  |
|---|---|
|  | Respectfully Submitted, |
| TODD KIM | DUANE A. EVANS |
| Assistant Attorney General | United States Attorney |
| Environmental & Natural Resources Division |  |
| U.S. Department of Justice |  |
|  |  |
| s/Richard A. Udell | s/ G. Dall Kammer |
| Richard A. Udell | G. Dall Kammer (26948) |
| Senior Litigation Counsel | Assistant U.S Attorney |
| Environmental Crimes Section | 650 Poydras Street, Suite 1600 |
| U.S. Department of Justice | New Orleans, LA 70130 |
| 50 M St., N.E./Room 4206 | Telephone: (504) 680-3168 |
| Washington, D.C. 20044 | Email:dall.kammer@usdoj.gov |
| Telephone: (202) 305-0361 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

s/ G. Dall Kammer
G. DALL KAMMER
Assistant United States Attorney

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 1

**Count 1:**   Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a))
             Aiding and Abetting (18 U.S.C. § 2(b))

Count 1 of the Indictment charges that on or about March 11, 2021, at the Port of New Orleans, the defendant did knowingly fail to maintain an accurate Oil Record Book for the *M/V Joanna*, in which quantities of oil residue, oily mixtures, and machinery space bilge water, and the discharge and disposal of these substances, were fully and accurately recorded, as required.

Specifically, during the period of on or about October 25, 2020, through on or about March 11, 2021, the defendant falsely recorded and caused to be falsely recorded that discharges of oily bilge water had been made through a properly functioning OWS and OCM when they had not, and failed to record exceptional discharges of oily bilge water made without the use of a properly functioning OWS and OCM, in violation of Title 33, United States Code Section 1908(a); Title 18 United States Code, Section 2(b), and Title 33, Code of Federal Regulations, Section 151.25.

In order to convict the defendant of Count 1, the government must prove each of the following beyond a reasonable doubt:

*First*, that the *M/V Joanna* was a ship measuring 400 gross tons or more;

*Second*, that the defendant knowingly failed to maintain, or caused the failure to maintain, an accurate Oil Record Book, in which all operations involving the transfer, discharge, and disposal of oil residue, oily mixtures, and machinery space bilge water were fully and accurately recorded; and

*Third*, that the failure to maintain the Oil Record Book occurred while the *M/V Joanna* was in the navigable waters of, or at a port or terminal of, the United States. For purposes of this third element, I instruct you that the Port of New Orleans and the Mississippi River are within the

navigable waters of the United States.

The Master or other person in charge of the ship is the person whose responsibility it is to maintain an accurate oil record book. It is also the law, that a person who does not have the responsibility can be charged with the crime of willfully causing another person (i.e., the Master) to fail to maintain an accurate oil record book.

**AUTHORITY:**

Title 33, United States Code, Section 1908(a)

Title 18, United States Code, Section 2(b)

Title 33, Code of Federal Regulations, Section 151.25

*United States v. Empire Bulkers Ltd.*, 583 F.Supp.3d 746 (E.D. La. Feb. 3, 2022) (Lemmon, J.) (E.D. La. 2/3/2022) (Lemmon, J.)

*See also* United States' Requested Jury Instruction No. 5 (18 U.S.C. § 2(b))

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 2

**Count 2:**     Obstruction of Agency Proceedings (18 U.S.C. § 1505)
              Aiding and Abetting (18 U.S.C. § 2(b))

Count 2 of the Indictment charges that on or about March 11, 2021, at the Port of New Orleans, the defendant did corruptly influence, obstruct and impede, and caused to corruptly influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard, an agency within the Department of Homeland Security.

Specifically, on or about March 11, 2021, during a U.S. Coast Guard inspection of the *M/V Joanna* to determine the vessel's compliance with MARPOL and U.S. Law, the defendant: (1) made, used or presented or caused the presentation of an Oil Record Book that falsely reported that required pollution prevention equipment had been used properly when discharging oily bilge water; (2) made, used or presented or caused the presentation of an Oil Record Book that contained co-signed entries of an engineer vouching for engine room operations that he did not perform and of which he did not have personal knowledge, including overboard discharge entries; (3) concealed or failed to disclose or caused the concealment or failure to disclose a broken component of the ship's incinerator and its inoperability; and (4) concealed or failed to report or caused the concealment or failure to report a hazardous condition concerning the disabling of the fuel oil heaters pressure relief valves, in violation of Title 18, United States Code, Section 1505 and Title 18, United States Code, Section 2(b).

In order for you to convict the defendant on Count 2, the government must prove each of the following beyond a reasonable doubt:

*First,* that the defendant endeavored to influence, obstruct, or impede a pending proceeding;

*Second*, that the defendant did so corruptly; and

*Third*, that the defendant knew that there was a pending proceeding under law, namely, an inspection by the United States Coast Guard, an agency of the Department of Homeland Security, to determine the vessel's compliance with MARPOL and United States law.

The term "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering or destroying a document or other information.

For the purpose of this charge, you are hereby instructed that a Coast Guard port state control inspection is a proceeding.

**AUTHORITY:**

18 U.S.C. § 1505

18 U.S.C. § 1515(b)

33 U.S.C. §§ 1904, 1907(c)(2)(A)

33 C.F.R. § 151.23

*United States v. Vastardis*, 19 4th Cir. 573, 586 (3d Cir. 2021)

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 3

**Count 3:**       **Obstruction of Justice (18 U.S.C. § 1519)**
                   **Aiding and Abetting (18 U.S.C. § 2(b))**

Count 3 of the Indictment charges that on or about March 11, 2021, at the Port of New Orleans, the defendant did knowingly conceal, cover up, and falsify, and make false entries or omissions in a record or document, that is, a false fictitious, or misleading Oil Record Book for the *M/V Joanna* that concealed the disposal or discharge of oil residue, oily mixtures, or machinery space bilge water, or contained co-signed entries of a subordinate engineer vouching for engine room operations that he did not perform or of which he did not have personal knowledge, with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the U.S. Coast Guard and the Department of Homeland Security, and in relation to or in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with MARPOL and United States law, in violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2(b).

In order for you to convict the defendant on Count 3, the government must prove each of the following beyond a reasonable doubt:

*First*, that the defendant knowingly concealed, covered up, falsified, or made a false entry in the Oil Record Book of the *M/V Joanna*;

*Second*, that the defendant acted with intent to impede, obstruct, or influence the investigation or proper administration of the U.S. Coast Guard Port State Control vessel examination and inspection, or in relation to or in contemplation of such a U.S. Coast Guard Port State Control vessel examination and inspection to determine compliance with MARPOL and

8

United States law; and

*Third*, that the matter was within the jurisdiction of the U.S. Coast Guard, a component of the Department of Homeland Security of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find the defendant knew he was obstructing, impeding, or influencing a matter that was federal nature.

**AUTHORITY:**

Fifth Circuit Pattern Jury Instruction 2.65

18 U.S.C. § 1519

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 4

**Count 4:** **Ports and Waterways Safety Act (46 U.S.C. § 70036(b)(1))**
**Aiding and Abetting (18 U.S.C. 2(b))**

Count 4 of the Indictment charges that between on or about March 6, 2021, and on or about March 11, 2021, at the Port of New Orleans, the defendant knowingly and willfully failed or caused the failure to immediately notify the nearest U.S. Coast Guard Sector that one or more hazardous conditions existed aboard the *M/V Joanna* while the ship was in the navigable waters of the United States, in violation of the Port and Waterways Safety Act, Title 46, United States Code, Section 70036(b)(1), Title 33, Code of Federal Regulations, Sections 160.202, 203(a)(2), and 216, and Title 18, United States Code, Section 2(b).

Specifically, while the *M/V Joanna* was in the Port of New Orleans and Mississippi River, defendant was aware of a hazardous condition aboard the vessel that may have adversely affected the safety of any vessel, bridge, structure or shore area, or the environmental quality of any port, harbor, or navigable waterway of the United States, specifically that: (1) the discharge line downstream from the fuel-oil heaters and pressure relief valves was disconnected and crimped closed causing both pressure relief valves coming off the fuel-oil heaters to be disabled and inoperable; (2) a pressure relief valve on a fuel oil heater was not working properly; and (3) there was an active leak of fuel-oil in the Purifier Room emanating from the fuel-oil heaters and pressure relief valves. The phrase "hazardous condition" means any condition that may adversely affect the safety of any vessel, bridge, structure, or shore area or the environmental quality of any port, harbor, or navigable waterway of the United States. It may, but need not, involve collision, allision, fire, explosion, grounding, leaking, damage, injury or illness of a person aboard, or manning-shortage.

The term "immediately" means without delay.

In order for you to convict the defendants on Count 4, the government must prove each of the following beyond a reasonable doubt:

*First*, that a hazardous condition or operation existed on board the *M/V Joanna*;

*Second*, that the owner, agent, master, operator, or other person in charge of the *M/V Joanna* failed to immediately notify the Coast Guard of this hazardous condition or operation;

*Third*, that the defendant, knowing of the hazardous condition or operation, caused the owner, agent, master, operator, or other person in charge of the *M/V Joanna* to fail to immediately notify the Coast Guard.

*Fourth,* that the vessel was bound for or departing from a port or place within the navigable waters of the United States. For purposes of this element, I instruct you that the Port of New Orleans and the Mississippi River are within the navigable waters of the United States;

*Fourth*, the defendant acted willfully and knowingly.

**AUTHORITY:**

46 U.S.C. § 70036(b)(1)

33 CFR. § 160.202; 203(a)(2); 216

U.S. v. Canal Barge Co., 631 F.3d. 347, 352 (6th Cir. 2011)

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 5

### Causing the Criminal Acts of Another (18 U.S.C. § 2(b))

Counts 1 through 4 of the indictment also charge the defendant with violations of Title 18, United States Code, Section 2(b) which makes it a crime to cause another person to commit a crime.

The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged. The law recognizes that ordinarily, anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Defendant Tan may be guilty of causing an offense under Title 18, United States Code, Section 2(b) if he caused another person to violate the law. To find Tan guilty of causing another person to commit a crime, it is not necessary that the other person be found guilty of the crime, be charged in the indictment, or even know of the offense, so long as you find beyond a reasonable doubt that Tan willfully caused another person to commit the offense.

For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

*First*, that another person committed an act that is prohibited by law; and

*Second*, that the defendant willfully caused that person to do so.

**AUTHORITY:**

Fourth Circuit Pattern Jury Instructions, p. 9.

Third Circuit Pattern Jury Instructions, 7.05

*United States v. Empire Bulkers Ltd.*, 2022 WL 326643, *4 (E.D. La. 2/3/2022) (Lemmon, J.)

*United States v. Jho*, 534 F.3d 395, 404 (5th Cir. 2008)

*United States v. Fafalios*, 817 F.3d 155, 160 (5th Cir. 2016)

*U.S. v. Vastardis, Jury Instructions*, No. 19-66 (D. Del.); Rec. Doc. 125 at 15, and *United States v. Vastardis*, 19 F.4th 573 (3rd Cir. 2021).

*Pereira v. U.S.*, 202 F.2d 830, 837 (5th Cir. 1953)

*U.S. v. Levy*, 969 F.2d 136, 141 (5th Cir. 1992) ("Under 18 U.S.C. § 2(b), there is no requirement of shared intent; only the person charged need have the criminal intent, the individual whom the defendant has caused to perform the act may be entirely innocent." citing *Pereira v. United States,* 202 F.2d 830, 837 (5th Cir. 1953)).

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 6

## "Knowingly" and "Willfully" Defined

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, and not because of mistake or accident.

The word "willfully" means that the act was committed voluntarily and on purpose, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law. "Willfully" does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.

All counts charge the defendant with violation of 18 U.S.C. § 2(b) which requires that the government prove that the defendant acted willfully. This means the government must prove beyond a reasonable doubt that the defendant knew his conduct was unlawful and intended to do something the law forbids.

**AUTHORITY:**

Fifth Cir. Pattern Jury Instruction 1.41

Fifth Cir. Pattern Jury Instruction 1.43

Eleventh Cir. Pattern Jury Instruction B9, 1A

Model Criminal Jury Instructions, 3d Circuit, No. 5.05