**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| **v.** | * | **SECTION: "S"** |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

**DEFENDANT TAN'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the orders of this Honorable Court, Defendant Tan respectfully requests the Court to include the attached instructions in its charge to the jury and respectfully reserves the right to offer such additional instructions as appropriate during or before trial.

In addition to the proposed instructions filed herewith, defendant Tan requests the Court give the following Fifth Circuit Pattern Jury Instructions:

1.01;

1.02(B);

1.03;

1.04;

1.05;

1.06;

1.07;

1.08(A);

1.09;

1.10;

1.18;

1.21;

1.25;

1.26;

1.27;

1.28;

1.40;

1.41; and

1.43.

**Defendant Tan's**
**Proposed Jury Instruction No.___**

**Count 1 – Applicability of U.S. Law**

The indictment in this case includes references to U.S. regulations governing how oil record books are to be completed.  I instruct you that those regulations apply to foreign vessels such as the JOANNA only with respect to operations that take place while the vessel is in the United States.

There is no evidence in this case that any operation that was or was required to be recorded in the JOANNA's Oil Record Book took place while the vessel was in the United States.  Accordingly, I instruct you that the U.S. regulations for how an Oil Record Book should be completed are not relevant.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 1**

**Count 1 – Applicability of U.S. Law & Law of Marshall Islands**

The indictment in this case includes references to U.S. regulations governing how oil record books are to be completed.  I instruct you that those regulations apply to foreign vessels such as the JOANNA only with respect to operations that take place while the vessel is in the United States.

All of the entries in the Oil Record Book that the government contends are inaccurate or incomplete were made outside the United States, where only the law of the Marshall Islands applied to the entries.  I instruct you that it is not a crime under the law of the Marshall Islands to make an inaccurate or incomplete entry.


33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's
Proposed Jury Instruction No. 2**

**All Counts Definition of Willfully – applied to foreign conduct**

Defendant Tan is charged in each Count of the indictment with willfully causing violations of U.S. law.  The government contends that some or all of the actions by which Defendant Tan allegedly caused a violation of U.S. law occurred on the high seas.  I instruct you that U.S. law did not apply to Defendant Tan while he was on the high seas aboard the JOANNA.  To prove that Defendant Tan willfully caused a violation of U.S. law by anything he did or failed to do while outside the United States, the government is required to prove that it was Defendant Tan's conscious object to cause a violation of U.S. law.

*Kiobel v. Royal Dutch Petroleum Co.,* 569 U.S. 108, 115, (2013) (presumption against extraterritorial effect of U.S. law)

*United States v. Vasquez,* 899 F.3d 363, 373-74 (5th Cir. 2018) (same)

*Microsoft Corp. v. AT&T Corp.,* 550 U.S. 437, 454, 127 S. Ct. 1746, 167 L. Ed. 2d 737 (2007) (noting "presumption that United States law governs domestically but does not rule the world")

**Defendant Tan's**
**Proposed Jury Instruction No. 3**

**Count 1 – "Failure to Maintain" U.S. Entry or Alteration Required**

The indictment in this case includes references to U.S. regulations governing how oil record books are to be completed.  I instruct you that those regulations apply to foreign vessels such as the JOANNA only with respect to operations that take place while the vessel is in the United States.

All entries in the Oil Record Book that the government contends are inaccurate or incomplete were made outside the United States, where only the law of the Marshall Islands applied to the entries.

Count 1 charges that Defendant Tan willfully caused the Master of the JOANNA to fail to maintain an accurate oil record book while in the United States.

To prove the charge in Count 1, the government must prove that while in the United States Defendant Tan made a false Oil Record Book entry or that he changed an entry originally made outside the United States so that it became false.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 3A**

**Count 1 – "Willfully cause" a "Failure to Maintain" ALERNATIVE**

All entries in the Oil Record Book that the government contends are inaccurate or incomplete were made outside the United States, where only the law of the Marshall Islands applied to the entries.

The government charges that by entries he made outside the United States Defendant Tan willfully caused the Master of the JOANNA to fail to maintain an Oil Record Book while inside the United States.

To prove that Defendant Tan willfully caused a failure to maintain an Oil Record Book inside the United States by the entries he made outside the United States, the government was required to prove that the entries were false and intended to deceive.  It is insufficient for the government to prove that the entries may have been incomplete or misleading.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 4**

**Count 1 – "Willfully cause" a "Failure to Maintain" Countersignature**

The Indictment charges in Counts 1 and 3 that Defendant Tan willfully committed a crime involving misrepresentation because he asked a subordinate to countersign entries Defendant Tan admits he made and that he also signed in the Oil Record Book.

The defense contends that Defendant Tan requested the subordinate to countersign entries because he understood company policy required two signatures for each entry.

Because Chief Tan in fact signed the entries in question and because it is undisputed that he was the officer in charge of the operations, I instruct you that the fact he had the entries countersigned is not a criminal violation of any U.S. law.

The allegation that the countersignatures are improper must be disregarded with respect to all Counts.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 4A**

**Count 1 – "Willfully cause" a "Failure to Maintain" Countersignature**

**ALTERNATIVE**

The Indictment charges in Counts 1 and 3 that Defendant Tan willfully committed a crime involving misrepresentation because he asked a subordinate to countersign entries Defendant Tan admits he made and that he also signed in the Oil Record Book.

The defense contends that Defendant Tan requested the subordinate to countersign entries because he understood company policy required two signatures for each entry.

Defendant Chief Tan in fact signed the entries in question and it is undisputed that he was the officer in charge of the operations.  I instruct you that to find that any entry he made or any countersignature he requested caused a violation of U.S. laws you must find that the entry or the existence of a countersignature was consciously intended to deceive the United States government.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 5**

**Count 1 – Must Be Master – Fafalios**

Count 1 charges that Defendant Tan failed to maintain an oil record book while in the United States.  Under U.S. law only the master of the vessel is responsible for maintaining the oil record book while in the United States.

Because Chief Tan was not the master of the JOANNA, I instruct you that you must find him not guilty of Count 1.

33 C.F.R. §151.25(j)

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

**Defendant Tan's**
**Proposed Jury Instruction No. 5A**

**Count 1 – Must Be Master – Fafalios - ALTERNATIVE**

Count 1 charges that Defendant Tan failed to maintain an oil record book while in the United States.  Under U.S. law only the master of the vessel is responsible for maintaining the oil record book while in the United States.

I instruct you that in order to find Chief Tan guilty under Count 1 you must find that he was the master of the JOANNA.  If you find that Chief Tan is not the master of the JOANNA you must find him not guilty of Count 1.

33 C.F.R. §151.25(j)

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

**Defendant Tan's**
**Proposed Jury Instruction No. 6**

**Count 1 – "Willfully cause" a "Failure to Maintain" Countersignature**

The Indictment charges in Counts 1 and 3 that Defendant Tan willfully committed a crime involving misrepresentation because he asked a subordinate countersign entries Defendant Tan admits he made and that he also signed in the Oil Record Book.

The defense contends that Defendant Tan requested the subordinate to countersign entries because he understood company policy required two signatures for each entry.

Because Chief Tan in fact signed the entries in question and because it is undisputed that he was the officer in charge of the operations, I instruct you that the fact he had the entries countersigned is not a criminal violation of any U.S. law.

The allegation that the countersignatures are improper must be disregarded with respect to all Counts.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 6A**

**Count 1 – "Willfully cause" a "Failure to Maintain" Countersignature**

**ALTERNATIVE**

The Indictment charges in Counts 1 and 3 that Defendant Tan willfully committed a crime involving misrepresentation because he asked a subordinate to countersign entries. Defendant Tan admits he made and that he also signed in the Oil Record Book.

The defense contends that Defendant Tan requested the subordinate countersign entries because he understood company policy required two signatures for each entry.

Because Chief Tan in fact signed the entries in question and because it is undisputed that he was the officer in charge of the operations, I instruct you that the fact he had the entries countersigned is not a criminal violation of any U.S. law.

The allegation that the countersignatures are improper must be disregarded with respect to all Counts.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 7**

**Count 1 – Government Required to Prove Charge**

The Indictment charges in Counts 1 that Defendant Tan "falsely recorded that discharges of oily bilge water had been made through a properly functioning OWS and OCM when they had not."

To prove that charge the government must prove, in addition to the other elements and requirements I will discuss, that Defendant Tan in fact recorded in the ship's oil record book that the OWS and OCM were functioning properly.

The government must also prove that the OWS and OCM were not working properly, that defendant Tan knew they were not working properly and that he made a false entry for the purpose of causing a violation of U.S. law.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's**
**Proposed Jury Instruction No. 8**

**Count 2 – Government Required to Prove Charge**

In Count Two of the indictment, the Government charges that the Defendant corruptly influenced, obstructed and impeded, and caused to corruptly influence, obstruct and impede a pending proceeding by the U.S. Coast Guard on or about March 11, 2021 by (1) making, using and presenting and causing the presentation of an ORB that falsely reported that required pollution prevention equipment had been used properly when discharging oily bilge water; (2) making, using and presenting and causing the presentation of an ORB that contained co-signed entries of an engineer vouching for engine room operations; and (3) concealing and failing to disclose and causing the concealment and failure to disclose a broken component of the ship's incinerator; and (4) concealing and failing to report and causing the concealment and failure to report a hazardous condition concerning the disabling of the fuel oil heaters pressure relief valves.

In order to find Defendant Tan guilty under the first part of this count, you must find that the Government has proven the following beyond a reasonable doubt:

First, that on March 11, 2021, the Coast Guard was conducting a proceeding concerning a matter within the scope of its authority and jurisdiction, as opposed to an exercise aimed at conferring jurisdiction over acts that occurred outside the United States;

Second, that Defendant Tan was aware of that proceeding at the time his actions took place;

Third, that he intentionally endeavored to corruptly (that is, with the purpose of obstructing justice) influence, obstruct or impede that pending proceeding;

Fourth, that he did so by making, using and presenting to the Coast Guard or willfully causing the presentation to the Coast Guard of a falsified oil record book, or ORB;

Fifth, that the ORB presented to the Coast Guard in fact falsely reported that required pollution prevention equipment had been used properly when discharging oily bilge water; and

Sixth, that the natural and probable effect of his conduct was interference with the proceeding and he was aware of this effect.

*United States v. Aguilar,* 515 U.S. 593, 599, 115 S. Ct. 2357, 132 L. Ed. 2d 520 (1995);

*United States v. Durham,* 432 Fed. App'x 88, 91 & n. 5 (3d Cir. June 24, 2011);

*United States v. Price,* 951 F.2d 1028, 1031 (9th Cir. 1991);

*Arthur Andersen, LLP v. United States,* 544 U.S. 696, 703, 125 S. Ct. 2129, 161 L.Ed. 2d 1008 (2005) (extraterritoriality);

18 U.S.C. § 1505.

**Defendant Tan's**
**Proposed Jury Instruction No. 8A**

**Count 2 – Elements of Obstruction**

To prove obstruction under 18 U.S.C. § 1505 as charged in Count 2, the Government

must prove beyond a reasonable doubt the following five elements:

(1)     that there was an agency proceeding;

(2)     that at the time of his alleged conduct the defendant was aware of that proceeding;

(3)     that the defendant intentionally endeavored corruptly to influence, obstruct or impede that

        proceeding.

(4)    that the natural and probable effect of the defendant's conduct was interference with the

        investigation . . . [and] that the defendant was aware of this effect.

*United States v. Durham*, 432 Fed. App'x 88, 91 & n. 5 (3d Cir. June 24, 2011)(*citing United*

*States v. Aguilar*, 515 U.S. 593, 599, 115 S. Ct. 2357 (1995)

**Defendant Tan's**
**Proposed Jury Instruction No. 9**

**Count 2 – Co-signing**


With respect to the second part of Count Two, I instruct you that no rule or regulation exists prohibiting a chief engineer of a vessel from co-signing entries in an ORB regardless of his personal knowledge.  Therefore, you cannot find Defendant Tan guilty of obstruction of an agency proceeding on the basis that he co-signed entries in the ORB.


*See generally* 33 C.F.R. § 151.25.

**Defendant Tan's**
**Proposed Instruction No. 10**

**Count 2 – Affirmative Conduct Required**

With respect to the third part of Count Two, I instruct you that an officer of a vessel cannot be guilty of obstruction of an agency proceeding merely for not voluntarily disclosing information.  In order to find Defendant Tan guilty under the third part of Count Two, you must find all of the following:

First, that on March 11, 2021, the Coast Guard was conducting a proceeding concerning a matter within the scope of its authority and jurisdiction, as opposed to an exercise aimed to confer jurisdiction over acts that occurred outside the United States;

Second, that Defendant Tan was aware of that proceeding at the time his actions took place;

Third, that he intentionally endeavored to corruptly (that is, with the purpose of obstructing justice) influence, obstruct or impede that pending proceeding;

Fourth, that he took active steps to conceal the condition of the ship's incinerator from the US Coast Guard;

Fifth, that the condition of the incinerator was part of the Coast Guard's investigation at the time; and

Sixth, that the natural and probable effect of his conduct was interference with the proceeding and he was aware of this effect.

*United States v. Aguilar,* 515 U.S. 593, 599, 115 S. Ct. 2357, 132 L. Ed. 2d 520 (1995);

*United States v. Durham,* 432 Fed. App'x 88, 91 & n. 5 (3rd Cir. June 24, 2011);

*United States v. Price,* 951 F.2d 1028, 1031 (9th Cir. 1991);

*Arthur Andersen, LLP v. United States,* 544 U.S. 696, 703, 125 S. Ct. 2129, 161 L.Ed. 2d 1008

(2005) (extraterritoriality);

18 U.S.C. § 1505.

**Defendant Tan's**
**Proposed Instruction No. 11**

**Count 2 – Awareness of Interference**

With respect to the fourth part of Count Two, I instruct you that an officer of a vessel cannot be guilty of obstruction of an agency proceeding merely for not voluntarily disclosing information.  In order to find Defendant Tan guilty under the third part of Count Two, you must find all of the following:

First, that on March 11, 2021, the Coast Guard was conducting proceeding concerning a matter within the scope of its authority and jurisdiction, as opposed to an exercise aimed to confer jurisdiction over acts that occurred outside the United States;

Second, that Defendant Tan was aware of that proceeding at the time his actions took place;

Third, that he intentionally endeavored to corruptly (that is, with the purpose of obstructing justice) influence, obstruct or impede that pending proceeding;

Fourth, that he took active steps to conceal the condition of the ship's oil heater pressure relief valves from the US Coast Guard;

Fifth, that the condition of the oil heater pressure relief valves was part of the Coast Guard's investigation at the time; and

Sixth, that the natural and probable effect of his conduct was interference with the proceeding and he was aware of this effect.

*United States v. Aguilar,* 515 U.S. 593, 599, 115 S. Ct. 2357, 132 L. Ed. 2d 520 (1995);

*United States v. Durham,* 432 Fed. App'x 88, 91 & n. 5 (3rd Cir. June 24, 2011);

*United States v. Price,* 951 F.2d 1028, 1031 (9th Cir. 1991);

*Arthur Andersen, LLP v. United States,* 544 U.S. 696, 703, 125 S. Ct. 2129, 161 L.Ed. 2d 1008

(2005) (extra territoriality);

18 U.S.C. § 1505.

**Defendant Tan's**
**Proposed Instruction No. 12**

The evidence shows that the oily water separator and oil content monitor could not lawfully have been used within the territorial limits of the United States and were not in fact used within the territorial limits of the United States.  Consequently, even if the ORB contained inaccurate or misleading information concerning the OWS or the OCM, I instruct you that you must find Defendant Tan not guilty of obstruction of an agency proceeding by taking any action with regard to the ORB.

**Defendant Tan's**
**Proposed Jury Instruction No. 13**

**Count 3 – Intent to Impede the Government**

The Indictment charges in Count 3 that Defendant Tan made false entries in an oil record book for the purpose of impeding an investigation by the United States.

To prove that the entries were made to impede an investigation by the United States, the government must have proven beyond a reasonable doubt that Chief Tan made false entries and that it was his conscious object to impede an investigation by the United States into a matter within its jurisdiction.

In this regard you are instructed that only the Republic of the Marshall Islands, and not the United States, has jurisdiction to prosecute Chief Tan or anyone else with respect to alleged high seas discharges of bilge water.

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

*See Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 1079, (2015)[construing section 1519 narrowly]

**Defendant Tan's**
**Proposed Instruction No. 14**

**Count 4 – Government Required to Prove Charge**

In Count 4, the government charges that defendants knowingly and willfully failed and caused the failure to immediately notify the Coast Guard that a hazardous condition existed aboard the MV JOANNA. To find Defendant guilty under this count, you must find the government has proven each of the following beyond a reasonable doubt:

First, that one of the following conditions existed between March 6 and March 11, 2021: (a) the discharge line downstream from the fuel oil heaters was disconnected and crimped closed, (b) a pressure relief valve on a fuel oil heater was not working properly; or (c) the Purifier Room had an active leak of fuel oil;

Second, that these conditions were likely to create harm to property or a person outside the ship or an obstruction to navigation within U.S. territorial waters;

Third, that Defendant Tan was aware of these conditions;

Fourth, that he knew that these conditions were likely to create harm to property or a person outside the ship or an obstruction to navigation within U.S. territorial waters;

Fifth, that he was the owner, operator, captain or otherwise in charge of the vessel or that by some affirmative act, he knowingly and willfully caused such persons to do an affirmative act with respect to the nonreporting of these conditions while in U.S. waters; and

Sixth, that in doing so, he knew he was violating a U.S. law that required the reporting of these conditions by the owner, operator or master under the circumstances.

*See Ratzlav v. United States,* 510 U.S. 135 (1994);

*Cheek v. United States*, 498 U.S. 192 (1991);

*United States v. Rivera,* 942 F. Supp. 732, 735 (D.P.R. 1996).

**Defendant Tan's**
**Proposed Jury Instruction No. 15**

**All Counts – Government Concession**

Several Counts charge that Defendant Tan made false entries concerning the discharge of oily mixtures into the sea.

The government has conceded that there is no evidence of pollution in this case.  You are therefore instructed that in evaluating whether Defendant Tan is guilty you must accept that there were no discharges of oil into sea from the JOANNA.

**Defendant Tan's**
**Proposed Jury Instruction No. 16**

The burden is upon the Government to prove beyond a reasonable doubt that the defendant is guilty of each charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant must never be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions— one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, even a strong probability, that an element of a charged offense is more likely true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

What the Government must do to meet its heavy burden is to establish the truth of each element of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon the evidence. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt as to any one or more element of any charge, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

[*See* Instruction 3.02, Presumption of Innocence; Proof Beyond a Reasonable Doubt, Note 4.  Pattern Jury Instructions, United States District Court, District of Maine, citing *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1ˢᵗ Cir. 1997).]

**Defendant Tan's**
**Proposed Jury Instruction No. 16a**

**ALTERNATIVE**

I have talked to you about the burden of proof beyond a reasonable doubt, and I am sure that all of you have heard of it before today.  In order to convict the defendant of any of the charges against him, you must conclude that there is no reasonable doubt that he is guilty.  But, what is a reasonable doubt?

A reasonable doubt is a doubt based upon reason, a reason arising from the evidence or lack of evidence in a case before you.  A reasonable doubt is one that originates in your judgment, in your common sense and in your experience, as applied to the evidence in the case before you.  A reasonable doubt is the kind of doubt that would cause a prudent person to hesitate before taking action in some matter of importance to him; in considering this, you should remember the importance of this matter to the defendant.

To elaborate a little bit, if in your own personal affairs you are confronted with a decision of consequence, and if you proceed to review, rationally and objectively, all of the factors bearing on that decision, and if after that review you are left with any uncertainty, then you would have what we try to define here as a reasonable doubt.  On the other hand, if you have such a serious decision to make, and you review the relevant considerations rationally and objectively, and after that you find that you have absolutely no uncertainty and no reservation about your judgment and would be willing to act upon it without hesitation, then we would say that you are convinced beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof to a mathematical certainty or beyond any possible doubt.  Because of the nature of many facts involved in human affairs, those facts cannot be determined with absolute or mathematical certainty.  Therefore, absolute,

mathematical certainty is not what we mean when we talk about proof beyond a reasonable doubt.

I hope my observations about this basic concept have made clear to you that in a criminal case the prosecution's burden of proof is a high one, and that you may convict only if your mind is free of the kinds of uncertainty and reservations I have tried to describe.  If you find that the evidence is this case could reasonably permit the possibility that the defendant is not guilty, then you must adopt that conclusion of not guilty and acquit the defendant.

[*See Holland v. United States*, 348 U.S. 121, 140 (1954).]

**Defendant Tan's**
**Proposed Jury Instruction No. 17**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Warlito Tan, has the benefit of that presumption throughout the trial, and you are not to convict Mr. Tan of a particular charge unless you are persuaded of its guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Tan is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Tan. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Tan has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Tan's guilt of a particular crime, it is your duty to acquit Mr. Tan of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Tan's guilt of a particular crime, you should vote to convict him.

[*See* Instruction 3.02, Presumption of Innocence; Proof Beyond a Reasonable Doubt. Pattern Jury Instructions, United States District Court, District of Maine.]

**Defendant Tan's**
**Proposed Jury Instruction No. 17a**

**ALTERNATIVE**

Defendant Tan enters into this case with the benefit of the presumption of innocence. That presumption means that the defendant is to be regarded by you as innocent unless he is proved guilty beyond a reasonable doubt.  This presumption is not a mere formality; instead, it should be entertained conscientiously, sincerely, and ungrudgingly, unless and until it is overcome by evidence to the exclusion of all reasonable doubt of innocence.

I charge you that the presumption of innocence is so strong that every reasonable doubt must be resolved in favor of the accused, if there is any fact or circumstance that is susceptible to two interpretations.

**Defendant Tan's**
**Proposed Jury Instruction No. 18**

The statements of a government informer, who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's statements has been affected by interest, or by prejudice against the defendant.  That is, you must determine if this government witness' testimony is worthy of belief despite these factors, or whether they are such to create skepticism on your part.

[*See United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001).]

**Defendant Tan's**
**Proposed Jury Instruction No. 19**

You have heard in this case testimony from several officers employed by the United States.  You are instructed that testimony from such witnesses should not be accorded any greater or lesser weight or credibility merely because the witness is employed in law enforcement.

**Defendant Tan's**
**Proposed Jury Instruction No. 20**

The indictment that has been returned against the defendant is merely a charge.  It is not evidence or proof of any kind of any of the matters stated in the indictment.  You must not draw inferences of guilt, or proof of any of the charges, from the fact that an indictment was returned in this case.

**Defendant Tan's**
**Proposed Jury Instruction No. 21**

Under our system of law, an accused is presumed innocent and has no obligation to disprove the charges alleged in the indictment nor to affirmatively prove his innocence. The defendant is not required to produce any witnesses in order to establish his innocence but has, rather, an absolute right to insist that the government, which has charged him with an offense, prove beyond a reasonable doubt that he is guilty of that offense.

**Defendant Tan's**
**Proposed Jury Instruction No. 22**

Every defendant is presumed not to have violated the law willfully, and the burden is on the government to prove beyond a reasonable doubt that he did violate the law willfully at the time alleged in the indictment.  If you find no such proof beyond a reasonable doubt, your verdict must be one of not guilty.

**Defendant Tan's Proposed**
**Instruction No. 23**

**All Counts – Willfully Causing 18 USC §2(b)**

Each count of the indictment charges that defendant Tan is guilty either because he committed a criminal violation of a particular statute or because he "willfully caused" another to commit a criminal violation of a criminal statute and that defendant Tan is therefore criminally liable under section 2(b) of Title 18 of the United States Code.

Section 2(b) provides as follows:

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

To act willfully means to act with the intent to break the law;

The statute requires that defendant Tan intended to cause a violation of American law;

The government must prove that the defendant caused some other person to commit an affirmative act that violated the American law in question; it is insufficient for the government to prove that defendant Tan caused or contributed to another person's failure to perform an act.

18 U.S.C. §2(b)

33 U.S.C. § 1902(a)

33 C.F.R. §151.09

*United States v. Fafalios*, 817 F.3d 155 (5th Cir. 2016)

*United States v. Jho*, 534 F.3d 398 (5th Cir. 2008)

*United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006)

**Defendant Tan's Proposed
Instruction No. 24**

**Aiding and Abetting Clarifying Instruction – Clarification**

To prove that defendant Tan aided and abetted the commission of a crime the government must prove beyond a reasonable doubt that the alleged offense was committed by someone. That requires proof that some person committed all the elements of the offense, including those related to his or her state of mind and criminal intent.

**Explanation and Citation**

*United States v. Barfield, 447 F.2d 85, 89 (5th Cir. 1971)*("While the conviction of the principals is not a prerequisite to the conviction of an aider and abettor, the Government must nevertheless establish beyond a reasonable doubt that the alleged offense was committed by someone and that the person charged as an aider and abettor assisted in the commission of the crime")
*United States v. Nolan*, 718 F.2d 589, 592 (3rd Cir. 1983)(same);
*United States v. Horton* 847 F.2d 313, 322 (6th Cir. 1988)("before a conviction for aiding and abetting can be upheld, it is essential that the jury find that all the essential elements of the underlying crime be committed by someone");
United States v. Baker, 542 F.2d 479, 484 (8th Cir. 1976)( It is incumbent upon the Government to prove that the persons allegedly aided and abetted did commit the substantive offense.");
*United States v. Scott*, 892 F.3d 791, 798–800 (5th Cir. 2018);
*United States v. Turner*, 674 F.3d 420 (5th Cir. 2012);
*United States v. McDowell*, 498 F.3d 308, 313–14 (5th Cir. 2007);
*United States v. Garcia*, 242 F.3d 593, 596 (5th Cir. 2001);
*United States v. Montgomery*, 210 F.3d 446 (5th Cir. 2000).


Neither the government nor the defense initially requested any aiding and abetting instruction.  The indictment, however, does include references to aiding and abetting and the Court's Order and Reasons denying defendant Tan's motions to dismiss Counts 1 and 4 addresses aiding and abetting liability as implicitly included.

This requested instruction clarifies the Fifth Circuit's pattern instruction by clarifying that to prove the crime of aiding and abetting the government must proof that the person being aided committed all offense elements.

**Defendant Tan's Proposed
Instruction No. 25**

**All Counts – Willfully – Preferred Alternative**

"Willfully" connotes a higher degree of criminal intent than knowingly. "Knowingly" requires proof of knowledge of the facts that constitute the offense. "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law.

In the context of this case, willfully requires that the defendant acted with the intent to cause a violation of U.S. law known to him.

**Explanation and Citation**

Pattern Instruction 1.43
Ratzlaf v. United States, 114 S. Ct. 655, 659 (1994)
*Bryan v. United States*, 118 S. Ct. 1939, 1945 (1998)
*Cheek v. United States*, 111 S. Ct. 604 (1991)
*United States v. Pomponio*, 97 S. Ct. 22, 23 (1976)
*United States v. Bishop*, 93 S. Ct. 2008, 2017 (1973)
*See also United States v. Arditti*, 955 F.2d 331, 340 (5th Cir. 1992) (stating that the meaning of "willfully" varies depending upon the context).

Defendant Tan has requested the Court instruct the jury in accordance with pattern instruction 1.43, entitled "willfully." Pattern Instruction 1.43 notes, however that the historic definition of "willfully" "is not accurate in every situation" and that "few areas of the criminal law pose more difficulty than the proper definition of mens rea required for a particular crime." Pattern Instruction 1.43, *citing Ratzlaf v. United States*, 114 S. Ct. 655, 659 (1994).

This case raises the novel question when foreign conduct can properly be charged as "willfully causing" another's subsequent violation of U.S. law. Without waiving his contention that no U.S. crime is properly charged, defendant Tan respectfully submits the forgoing instruction as the instruction most likely to explain how one might be liable for "willfully" causing a U.S. crime as a result of foreign conduct that, in and of itself, does not violate U.S. law.

**Defendant Tan's Proposed**
**Instruction No. 25a**

**All Counts – Willfully – Supplemental Alternative B**

"Willfully" connotes a higher degree of criminal intent than knowingly. "Knowingly" requires proof of knowledge of the facts that constitute the offense. "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law.

In the context of this case, willfully requires that at the time he acted the defendant did so with the intent to cause a violation of a U.S. law.

**Explanation and Citation**

Model Instruction 1.43
*Ratzlaf v. United States*, 114 S. Ct. 655, 659 (1994)
*Bryan v. United States*, 118 S. Ct. 1939, 1945 (1998)
*Cheek v. United States*, 111 S. Ct. 604 (1991)
*United States v. Pomponio*, 97 S. Ct. 22, 23 (1976)
*United States v. Bishop*, 93 S. Ct. 2008, 2017 (1973)
*See also United States v. Arditti*, 955 F.2d 331, 340 (5th Cir. 1992) (stating that the meaning of "willfully" varies depending upon the context).

Defendant Tan has requested the Court instruct the jury in accordance with pattern instruction 1.43 entitled "willfully." The pattern instruction notes, however, that the historic definition "is not accurate in every situation" and that "few areas of the criminal law pose more difficulty than the proper definition of mens rea required for a particular crime," *citing Ratzlaf v. United States*, 114 S. Ct. 655, 659 (1994).

This case raises the novel question when foreign conduct can be properly be described as "willfully causing" another's future violation of U.S. law. Without waiving his contention that no U.S. crime is properly charged, defendant Tan respectfully submits the forgoing instruction as an alternative instruction of how the requirement for "willfully" causing a U.S. violation might apply to foreign conduct that, in and of itself, does not violate U.S. law.

**EXECUTED** this 31st  day of October 2022.


/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com


/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan

## CERTIFICATE OF SERVICE

I do hereby certify that on the above date I attempted to make service of the above document by electronically filing the same using the Court's EM/ECF system.

/s/ Edward S. MacColl