UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-126** |
| v. | * | SECTION: "S" |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT TAN'S
MOTION IN LIMINE AND NOTICE REGARDING DETERMINATION
OF FOREIGN LAW**

NOW COMES defendant Warlito Tan, through counsel, and replies to the Government's consolidated objection to his Motion in Limine to Preclude the Government from Accusing Him of Failing to Maintain an Oil Rcord Book or Violating MARPOL (Rec. Doc. 263) and to his Notice Regarding Determination of Foreign Law (Rec. Doc. 277).

## DISCUSSION

**1. The Court should reject the Government's objections to the Motion in Limine.**

The Government argues that because Count One charges that Defendant Tan both "failed to maintain an accurate Oil Record Book" *and* that he "willfully caused" such a failure, the Government should be allowed to argue that Tan is directly guilty of failing to maintain on ORB even though it is settled law that only the ship's master is legally capable of committing that offense. *United States v. Fafalios,* 817 F.3d 155,162 (5th Cir. 2016). Though *Fafalios* suggests that a chief engineer "apparently" can be charged with aiding and abetting the offense, Chief Tan is *not* charged with aiding and abetting. Indeed, the Government previously objected to any jury instruction concerning aiding and abetting liability. As it is settled law that only the master may

commit the offense and that Captain Akkaya, not Chief Tan, was the JOANNA's master, the Government should not be permitted to cloud or confuse the issue.

This Court has ruled that Chief Tan may be charged with "willfully causing" the captain's failure to maintain an oil record book in U.S. waters. Although Chief Tan respectfully disagrees, the Court's ruling is clear. Accordingly, he will not argue to the jury that no such offense exists. Similarly, the Government should not confuse the jury by arguing that anyone but the master may commit the crime of directly failing to maintain an ORB.

The Government mistakenly argues that "MARPOL places direct requirements on individuals" (Rec. Doc. 280, at 5). As Defendant has explained earlier, courts are unanimous in recognizing that MARPOL "is not a self-executing treaty." *See United States v. Pena,* 684 F.3d 1137, 1142 (11th Cir. 2012). Rather, each signatory agrees to "give effect" to it by establishing rules for ships that fly its flag, certifying compliance, and sanctioning those ships that are not in compliance. *Id.; United States v. Ionia Management S.A.,* 555 F.3d 303, 307 (2nd Cir. 2009); *see* MARPOL Arts. 1(1), 4(1), 5(1). Simply stated, MARPOL is a treaty -- that is, an agreement – among nations. It does not and cannot place direct requirements on individuals.

Moreover, MARPOL's annexes (its recommended regulations) are consistently written in the passive voice in referring to conduct on covered vessels. The Government's tautological point that individuals are essential to action does not change the legal reality that nations, not individuals, violate non-self-executing treaties. That legal reality was fully understood by the MARPOL drafters. In arguing that MARPOL was intended to regulate individuals, the Government quotes out of context the provision in MARPOL's Annex I, Regulation 15, setting forth the conditions for discharges. In context, the provision is fully consistent with MARPOL's

status as a non-self-executing treaty. It specifies what member states' laws should provide, without purporting to impose criminal or civil liability on individuals, as follows:

> Any discharge into the sea of oil or oily mixtures from ships of four hundred gross tonnage and above ***shall be prohibited*** except when the following conditions are satisfied…

Similarly, rather than requiring that certain vessels "shall maintain an Oil Record Book," as the U.S. Coast Gurad regulation under APPS provides (s*ee* 33 CFR § 151.25(a)), the cognate provision in MARPOL merely states, in the passive voice, that certain vessels "shall be provided with an Oil Record Book." *See* MARPOL, Annex I, Regulation 17.

The Government cites no provision of MARPOL or its Annexes suggesting the treaty regulates individuals, which, of course, it does not. The MARPOL Annexes are consistently to the contrary. Even when it refers to duties that would be discharged by crewmembers, the MARPOL Annexes (*i.e.*, its recommended regulations) consistently employ the passive voice. Thus, for example, in discussing ORB requirements, Regulation 17 states that "the Oil Record Book shall be completed on each occasion …" and that "each completed page shall be signed by the master of the Ship."

More generally, MARPOL, Annex I, Regulation 2 states that "[u]nless expressly provided otherwise, the provisions of this Annex apply to all ships." Contrary to the Government's arguments, MARPOL includes no provisions stating or implying that the provisions of the recommended regulations regulate individuals.

In a further incongruity, the Government argues that it should be allowed to tell the jury Chief Tan violated MARPOL while on the high seas but then, on the very next page, quotes the Court's decision on Defendant's motion to dismiss Count One that the "activity charged did not take place on the high seas" (Rec. Doc. 280 at 5, 6). Based on the latter view, the Government

argues that the jury should not be instructed concerning the law that *did apply* on the high seas, leaving the Government to misleadingly argue that Chief Tan violated a treaty he is neither capable of nor charged with violating.

> **2. The Court should reject the Government's objections to Defendant's Notice of Foreign Law.**

The Government mistakenly argues that Defendant has not timely raised the issue of foreign law. In fact, from before he was charged, Chief Tan has repeatedly explained that any relevant conduct on the high seas is regulated exclusively by the law of the Republic of the Marshall Islands, the M/V JOANNA's flag state. Defendant filed formal written notice pursuant to F.R. Crim. P. 26.1 on October 27, 2022; but the Government and the Court have long had actual notice of Defendant's position. The Government cites no deadline that Defendant allegedly missed, and no such deadline exists. Rule 26.1 merely states that "reasonable" notice is to be given.

The question of what law applies and what the applicable law provides is directly connected with the Court's instructions to the jury on the governing law. The parties' proposed jury instructions were due on October 31, 2022, after the filing of Defendant's Rule 26.1 notice.

The Government gratuitously represents that the code of Marshall Islands maritime regulations came from a commercial source, appearing to insinuate that the regulatory code submitted by Defendant is somehow deficient. However, Rule 26.1 makes it clear that in determining foreign law, "a court may consider *any* relevant material or source … without regard to the Federal Rules of Evidence." F.R. Crim. P. 26.1 (emphasis supplied). There is nothing unreliable about the copy of the regulations submitted by Defendant, and the Government has made no showing otherwise.

4

The Government's objection reconfirms that, while ostensibly charging Defendant with violating a U.S. law while in U.S. territory, it plans to rely on extraterritorial conduct and to argue to the jury that such alleged conduct "violated MARPOL" -- as if this were all part of United States law.  The Court and the parties should accurately explain the law.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion in Limine, preclude the Government from arguing that Defendant directly "failed to maintain the ORB," preclude the Government from misleading the jury into believing that Chief Tan did or could "violated MARPOL" on the high seas, and correctly instruct the jury on the relevant provisions of Marshall Islands law that are exclusively applicable outside the United States.

**DATED** this 1st day of November 2022.

/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com


/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan

## CERTIFICATE OF SERVICE

I do hereby certify that on the above date I attempted to make service of the above document by electronically filing the same using the Court's EM/ECF system.

   /s/ Edward S. MacColl