UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. 21-126 |
| v. | * | SECTION: "S" |
| **EMPIRE BULKERS LTD.** | * | |
| **JOANNA MARITIME LIMITED** | | |
| **WARLITO TAN** | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF DEFENDANT TAN'S MOTION FOR RECONSIDERATION**

NOW COMES defendant Warlito Tan, through counsel, and submits the following memorandum in support of his motion for reconsideration of the Court's Order and Reasons on Defendant's objections to the Government's exhibit list (Rec. Doc. 295).

The Government included nearly a thousand documents in its exhibit list. Most are either (a) documents created by the Government, (b) documents the Government seized during its investigation, (c) witness statements the government prepared and had witnesses sign, (d) documents the government seized pursuant to search warrants, or (e) documents the government gathered by grand jury subpoena. Most have limited relevance to the pending charges.

Defendant understood the Court's scheduling order as potentially requiring Defendants to disclose[1] before trial all exhibits they might employ at trial. Although this placed an unusual burden on criminal defendants, Defendant Tan sought to comply. From abundant caution, Defendant Tan listed as exhibits that he might employ the documents listed by other defendants

---

[1] Rule 16(b)(1)(A) requires a defendant, once the government has revealed its own exhibits, to disclose only those items *within the defendant's possession, custody or control* and intended to be used in the defendant's case-in-chief. F. R. Crim. P. 16(b)(1)(A). Beyond that limited obligation, Rule 16 does not require the submission of exhibit lists. *See United States v. Pearson,* 340 F.3d 459. 468 (7th Cir. 2003).

or the Government.  In doing so, Defendant was in no way stipulating to the admissibility of all such documents or promising to offer them.  He understood he was reserving the right to do so, as his exhibit list (Rec. Doc. 286) made clear, as follows:

> **Defendant Tan respectfully reserves the right to offer at trial any of the following exhibits.  He expects that he will offer only a modest portion of these exhibits, and <u>he reserves the right to contend that many of the following may not be properly admissible</u>.  Unfortunately, because of the Jencks Act and the number of exhibits the government has designated, it is impossible for defendant Tan to be confident which exhibits he will offer.  He designates all these exhibits out of abundant caution.**
>
> **Defendant Tan has offered repeatedly to confer with the government to narrow exhibit lists.  The government provided a slightly reduced exhibit list on October 28; unfortunately, counsel attended a wake that day (Friday) and selected an out-of-state jury this morning (October 31).  Accordingly, the parties have not been able to confer to try to narrow exhibits.**

[**Emphasis in original**.but underscoring added]

That Defendant Tan intended to preserve his objections was also made clear by the objections he served and filed that same day.

The Court may not have seen the above caveat included with Defendant Tan's exhibit list, because the Government did not include it with its objections or the Defendant's exhibits, nor with its response to the Defendant's objections to its exhibits.  Instead, the Government's response implied that by listing exhibits, the Defendant waived objection.  The same day he filed his exhibit list, Defendant filed his objections to those exhibits.  (Rec. Doc. 287.)

In fact, the Government has known for months Defendant Tan intended to preserve objections to the tremendous volume of Government exhibits.  He had previously filed objections to the Government's similar list last May before the trial was continued.  The Government could not have been misled or prejudiced.

To the contrary, counsel for Defendant Tan has sought to work with the Government to narrow the list of exhibits and to resolve objections. After several attempts by defense counsel, counsel were finally able to discuss the exhibits on the evening of November 2. Defendant Tan's attorney agreed expeditiously to review exhibits for which the Government thought it might need an Empire record custodian from Athens, Greece. Counsel was completing that task this morning and typing a responsive message to counsel for the Government and Empire when the Court's Reasons and Order was docketed. Counsel completed the email, which is attached as **EXHIBIT A**, and sent it at 9:13 a.m. CDT. As has been a source of frustration throughout, Government counsel has not responded.

The Court overruled Defendant's objections to numerous exhibits on the sole ground that "the objected to exhibits have been noticed as exhibits by the defendant." Defendant respectfully submits that nothing in the Federal Rules of Criminal Procedure, the Court's local rules, or the Court's scheduling orders suggests that a criminal defendant waives his objections to Government exhibits merely by reserving his right to use such exhibits or listing them as potential exhibits, especially where, as here, a criminal defendant expressly preserves objection and explains he is working to narrow issues.

Reserving such rights is particularly important in criminal trials because of the limits on discovery. The Government gathered its trove of exhibits by means unavailable to Defendant Tan and criminal defendants generally: law enforcement investigations, grand jury subpoenas, and search warrants. It, but not defendants, may subpoena records custodians to testify before the grand jury. Because of the Jencks Act, 18 U.S.C. §3500, defendants generally are not entitled to see that grand jury testimony until trial, when they also have their first opportunity to compel testimony.

Serious confrontation clause issues arise from ruling that documents that contain testimonial information are admissible against a Defendant, without the declarant being subjected to cross-examination merely because, to preserve his rights, the defendant listed them as potential exhibits. *See Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

In addition to the Confrontation Clause issues, many of the Government's exhibits are obvious hearsay. They include law enforcement officer's reports of their investigation and other documents authored by the Government. They are not hearsay if offered by the Defendant, but they are inadmissible hearsay if offered for their truth by the Government.

The root of the problem is the Government's listing as potential exhibits tens of thousands of pages of documents of dubious relevance. A defendant cannot know which will be authenticated and offered. He needs to preserve the ability to complete the record depending on how the trial unfolds.

Defense counsel is continuing to try to work with the Government to narrow the number of exhibits and objections. It will be a grave disservice to the jury to put before them the quantity of exhibits the parties have listed. To the extent the number of exhibits is not reduced before trial, Defendant should not be precluded from raising proper objections to admissibility. The Fifth and Sixth Amendments to the Constitution require no less.

**DATED** this 3rd day of November 2022.

/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com

/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan

**CERTIFICATE OF SERVICE**

I do hereby certify that on the above date I attempted to make service of the above document by electronically filing the same using the Court's EM/ECF system.

/s/ Edward S. MacColl