| | |
|---|---|
| **From:** | Edward MacColl |
| **Sent:** | Thursday, November 03, 2022 10:13 AM |
| **To:** | Kammer, Dall (USALAE); Caroline Gabriel |
| **Cc:** | Udell, Richard (ENRD); Berman, David (USALAE); 'Briton Sparkman' |
| **Subject:** | RE: Government responses to defense objections.docx |

Dall,

Thank you.

I saw that the Court overruled all objections to exhibits we listed as potential trial exhibits, by incorporating your entire original list. I expect to ask the Court to reconsider that ruling. As previously explained, we listed exhibits listed by others solely to preserve the right to offer them, not as any concession that they are admissible.

That said, depending on what they are offered as, I do not object based on authenticity to the documents you highlighted, except for Exhibit 106 (because I have never seen the electronic version), but I do have the following questions:


106 – the Notice of Arrival; please let me know whether you are offering it to prove the truth of the matters asserted and please provide the electronic version of the document (if I am correct that the government printed an electronically provided document)

117 – what is the document offered to prove; is it offered as a business record of Empire? Or an official document issued by the Republic of the Marshall Islands? I agree it is a certificate issued by the Republic of the Marshall Island and kept on the vessel; I reserve questions about its relevance, but do not care much;

127 – you describe this as a business record, but it appears to be an email with an attachment, not a business record; (its not a record of business operations or a regularly conducted activity; it just isn't; presumably you're offering it as a communication the ship received; the attachment appears to include a document created by the US Coast Guard. Do you disagree? What is the document offered to prove?

145 A through E – I've withdrawn authenticity objections to the overall document; I disagree that pulling pages out of a document is for the jury's convenience, but since I do not question the authenticity of the overall document, you will not need an authenticating witness for this.

160 – This is identified as Chief Tan's personal notebook.  Why do you believe someone from Athens could authenticate it? Our objection notes that the document appears to be an amalgam.  For example, do you contend the third page (14383) is part of the notebook and that Chief Tan wrote it? What are pages 14405 through 14414 offered as?  What is the document offered to show?

802 – this appears to include documents issued by the Republic of the Marshall Islands, i.e. the MARPOL Administration for purposes of the JOANNA, and the International Maritime Organization, the "Organization" within the meaning of MARPOL, and a private firm.  I agree it is an authentic copy of a circular and its attachments found on the vessel among many other circulars.

**From:** Kammer, Dall (USALAE) <Dall.Kammer@usdoj.gov>
**Sent:** Wednesday, November 2, 2022 7:40 PM
**To:** Edward MacColl <emaccoll@thomport.com>; Caroline Gabriel <caroline.gabriel.ma@gmail.com>
**Cc:** Udell, Richard (ENRD) <Richard.Udell@usdoj.gov>; Berman, David (USALAE) <David.Berman@usdoj.gov>
**Subject:** Government responses to defense objections.docx

Ed,

Attached is the government responses to your exhibit objections that we circulated yesterday. As we discussed earlier, we have withdrawn many records that now have lines through them.  I have marked in green the remaining authenticity objections.

Thanks,

Dall