UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-126** |
| **WARLITO TAN** | **SECTION: "S" (4)** |

### ORDER AND REASONS

In connection with the upcoming trial of this matter, defendant Warlito Tan has filed a **Motion in Limine** to preclude the government from accusing him of failing to maintain an oil record book or violating MARPOL (Rec. Doc. 263), and a **Notice Regarding Determination of Foreign Law** (Rec. Doc. 277).

In the motion in limine, Tan seeks an order from this court prohibiting the government from asserting or arguing to the jury that he failed to maintain an accurate Oil Record Book ("ORB") or that he committed a MARPOL violation. He argues that such a prohibition is appropriate because as a matter of law, he cannot commit the crime of failing to maintain an accurate ORB or violating MARPOL. With respect to the failure to maintain an accurate ORB in violation of the Act to Prevent Pollution at Sea ("APPS"), Tan contends that chief engineers on foreign-flagged vessels cannot be prosecuted for having previously failed to maintain an oil record book once a ship enters U.S. waters, because by federal regulation, that duty is assigned explicitly and exclusively to the master or other person having charge of the ship. Tan maintains that because he was not the master or other person having charge of the ship, he cannot have violated the statute.

With respect to violating MARPOL,[1] Tan contends that only ships, not individuals, may violate MARPOL; that MARPOL is not self-executing, but is implemented by specific laws of signatory countries, and thus any violation is of the implementing country's laws, not MARPOL; and that as a non-American employee of a vessel flagged under the Republic of the Marshall Islands, while on the high seas, Tan could only violate Marshall Islands law.

However, Count One of the redacted indictment charges that Tan "did knowingly and willfully cause the failure to maintain an accurate ORB for the MV JOANNA," in violation of the APPS. Thus, while Tan, as a non-master, cannot be prosecuted under APPS for directly failing to maintain an ORB, it does not follow that he cannot have actually failed to maintain the ORB, thereby causing the captain to fail properly to maintain the ORB, or aiding and abetting the captain's failure properly to maintain the ORB. The government intends to prove at trial that Tan's acts and omissions, by <u>inter alia</u>, making false or inaccurate log entries, caused the ship's master to fail properly to maintain the ORB. This is a determination that the jury will be required to make. Accordingly, the court will not preclude evidence and argument related to Tan's role in the allegedly false entries in the ORB presented on arrival in New Orleans, provided the government makes the appropriate semantic distinction between directly causing and aiding and abetting in connection therewith.

Further, under the APPS, "[i]t is unlawful to act in violation of the MARPOL Protocol,

---

[1] "MARPOL" is an abbreviation for maritime pollution used to refer to the 1973 International Convention for the Prevention of Pollution from Ships, as amended in 1978, to which the United States is a signatory. 1340 U.N.T.S. 184; 1340 U.N.T.S. 61. The purpose of MARPOL is to "achieve the complete elimination of international pollution of the marine environment by oil and other harmful substances." 1340 U.N.T.S. at 128.

Annex IV to the Antarctic Protocol, this chapter, or the regulations issued thereunder." 33 U.S.C. § 1907. Clearly, the APPS, a U.S. law, incorporates by reference MARPOL's requirements. The court therefore declines to issue the blanket ruling regarding MARPOL requested by Tan, provided the government is clear in its presentation to the jury that Tan is not charged with a pollution crime under MARPOL, but a record-keeping violation under APPS. The jury charges will set forth the law applicable to the charges in the indictment. The Motion in Limine (Rec. Doc. 263) is therefore **DENIED.**

Tan has also filed a Notice Regarding Determination of Foreign Law. In it, he gives notice that he may seek determination of certain laws of the Republic of the Marshall Islands governing its ships on the high seas, namely, that (a) entries in the oil record book made by engineers or other crew members on the high seas do not give rise to criminal liability; (b) violations of MARPOL are not punishable as crimes; (c) a chief engineer is not required to maintain the ORB; (d) an incorrect or incomplete entry in the ORB is not treated as a continuing violation of any law; (e) a chief engineer is not required to determine whether the vessel's oil content meter is working correctly; (f) a chief engineer is not required to report dangerous conditions on the vessel to government authorities; and (g) if a vessel fails to maintain an ORB on board, the appropriate Marshall Islands official may suspend or cancel the vessel's certificate of registry, impose a monetary penalty of up to US$1,000,000 per incident or violation, which constitutes a maritime lien on the vessel, withhold port clearance, and/or impose such other conditions as may be necessary to bring the vessel into compliance.

The law of the Marshall Islands is not relevant in this case. Tan is not being tried for any

crimes under the law of the Republic of the Marshall Islands. The gravamen of the charge related to the ORB is that he caused the failure to accurately maintain the ORB, thereby aiding and abetting the presentation of a false or inaccurate ORB to the Coast Guard. This does not require proof that Tan violated any standards related to ORBs under Marshall Islands law, but rather that at the time it was presented, it was factually inaccurate, and that he aided and abetted the master's presentation of a false or inaccurate ORB. The same is true with respect to the alleged failure to report a dangerous condition to government authorities. It is irrelevant what the Marshall Islands law requires in this regard; Tan is charged with failing to follow U.S. law regarding notification. Accordingly, there is no basis for the court to make any determination regarding Marshall Islands law, and the request for determination of foreign law is **DENIED** on relevance grounds.

    **IT IS SO ORDERED.**

    New Orleans, Louisiana, this  4th  day of November, 2022.

                                        **MARY ANN VIAL LEMMON**
                                        **UNITED STATES DISTRICT JUDGE**