**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:  21-126** |
| **WARLITO TAN** | **SECTION: "S" (4)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration** (Rec. Doc. 296) filed by defendant Warlito Tan is **DENIED**, preserving the defense's right to re-urge specific objections at trial if appropriate.

**BACKGROUND**

November 7, 2022 is the fourth trial setting for this criminal trial. At the second full pre-trial conference held on October 20, 2022, the court issued its ususal instructions requesting counsel to provide objections to proposed exhibits by October 31, 2022, one week pre-trial. The purpose of this directive is to resolve any objections to exhibits that may be resolved in advance, eliminating numerous sidebars during trial that extend the trial and waste the time of the jury. Following the pre-trial conference for the prior May 2022 trial setting, in response to this directive, counsel submitted voluminous lists of exhibits and spreadsheets containing charts of objections which included some that were non-meritorious on their face. Accordingly, at the October 20 pre-trial conference, the court ordered counsel to resubmit exhibit lists and objections, and explicitly directed counsel to be judicious and conscientious in their submissions, to avoid wasting the time of opposing counsel in responding to objections and the court in ruling

on them. Defendant submitted objections to approximately 180 of the government's listed

exhibits. As the court endeavored to rule on these objections pre-trial, it became clear that almost

140 of the defendant's objections were directed to exhibits that he himself had noticed as exhibits

for trial. Accordingly, the court overruled those objections.

Defendant now seeks reconsideration of that ruling, arguing that because he prefaced his

notice of exhibits with the statement that he "respectfully reserves the right to offer at trial any of

the following exhibits...and he reserves the right to contend that many of the following may not

be properly admissible,"[1] the court should not have interpreted the fact that he listed them as

exhibits to mean that he conceded their admissibility.

## DISCUSSION

In essence, defendant argues that because the caveat included in his submission alerted

the court that his submission did not conform to the court's order, reconsideration of the court's

rulings on defendant's objections to the government's exhibits is appropriate. That is not an

appropriate basis for reconsideration. Defendant has not complied with the rulings of the court,

and the motion to reconsider is therefore denied, preserving the defense's right to re-urge specific

---

[1]Tan's Memorandum in Support, Rec. Doc. 296-1, 2.

objections at trial if appropriate.

       IT IS SO ORDERED.

       New Orleans, Louisiana, this __4th__ day of November, 2022.


                         **MARY ANN VIAL LEMMON**
                  **UNITED STATES DISTRICT JUDGE**