UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-126 |
| v. | * | SECTION: "S" |
| EMPIRE BULKERS LTD.<br>JOANNA MARITIME LIMITED<br>WARLITO TAN | *<br><br>* | |
| | * | |

### DEFENDANT'S MEMORANDUM OF LAW CONCERNING "DELIBERATE IGNORANCE" INSTRUCTION

**NOW COMES** defendant Warlito Tan, through counsel, and objects to the Court's proposed instruction on "deliberate ignorance," found at Page 8 of the Court's draft jury instructions, for the following reasons:

The instruction is drawn from the Fifth Circuit Pattern Instruction § 1.42. However, the note to that section emphasizes that "[t]he deliberate ignorance instruction should rarely be given—only when the facts and statute under which the defendant is being prosecuted justify it." *Id.,* citing *United States v. Araiza-Jacobo,* 917 F.3d 360, 366 (5th Cir. 2019) and *United States v. Ricard*, 922 F.3d 639, 655 (5th Cir. 2019). The *Ricard* decision points out that "[t]he danger of such an instruction… is that, when a defendant must have acted knowingly or willfully, 'the jury might convict for negligence or stupidity'" *Ricard,* 922 F.3d at 655, quoting *United States v. Wofford,* 560 F.3d 341, 352 (5th Cir. 2009).

The Supreme Court has ruled that the "Willful Blindness" Doctrine has two basic requirements: "(1) the defendant must subjectively believe that there is high probability that a fact exist and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global Tech Appliances, Inc. v. SED S. A.,* 563 U.S. 754, 769, 131 S. Ct. 2060, 179 L. Ed. 2d

1

1167 (2011). "Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirm a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* *See also Araiza-Jacobo,* 917 F.3d at 366 (the instruction should not be given "when the evidence raises only the inferences that the defendant had actual knowledge or no knowledge at all of the facts in question").

The evidence in this case does not support the giving of a "deliberate ignorance" instruction.

Alternatively, if the Court requires giving this instruction, Defendant would request a "balancing" instruction. *See* note, Fifth Circuit Pattern Instruction § 1.42; *United States v. Vasquez,* 677 F.3d 685, 695-96 (5th Cir. 2012). Such a balancing instruction would state that the deliberate ignorance instruction "does not lessen the Government's burden to show, beyond a reasonable doubt, that the knowledge elements of the crime have been satisfied." *See id.*

**EXECUTED** this 15th day of November, 2022.

/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com

/s/ Edward S. MacColl
Edward S. MacColl, MBRN #2658
Pro Hac Vice
Counsel for Defendant Tan