UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 21-126 |
| WARLITO TAN | SECTION: "S" |

JURY INSTRUCTIONS

It is now my duty to instruct you on the law that applies to your deliberations. It is your duty to follow these instructions in reaching your verdict. Although you are the sole judges of the facts on the question of guilt or innocence, you have the duty to accept and apply the law as instructed by the court. You must decide the facts from the testimony and other evidence and apply the law to those facts in reaching your verdict.

You must not single out any of these instructions and disregard others. The order in which the instructions are given does not indicate that one instruction is more important than another.

If I have given you the impression that I have an opinion regarding any fact in this case, you are to disregard that impression. If I have given the impression that I have an opinion concerning the guilt or innocence of a defendant, you are to disregard that impression.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel do not constitute evidence but are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence upon which

those arguments rest. What the lawyers say or do is not evidence. However, you may consider their arguments in the light of the evidence that has been offered and determine whether their assertions are supported by the evidence produced at this trial. You will determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts. You must apply those facts to the law as I instruct you.

**BURDEN OF PROOF: PRESUMPTION OF INNOCENCE**

A defendant is presumed by law to be innocent until each element of the crime necessary to constitute his guilt is proved beyond a reasonable doubt. A defendant is not required to prove that he is innocent. Thus, a defendant begins the trial with a clean slate.

The burden is upon the government to prove a defendant's guilt beyond a reasonable doubt. In considering the evidence, you must give a defendant the benefit of every reasonable doubt arising out of the evidence or lack of evidence. If you are not convinced of the guilt of a defendant beyond a reasonable doubt, it is your duty to find him not guilty.

**REASONABLE DOUBT STANDARD**

While the government must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt. Reasonable doubt is doubt based on reason and common sense and is present, when after careful and impartial consideration of all the evidence in the case, you cannot say you are firmly convinced of the truth of the charge.

## DIRECT OR CIRCUMSTANTIAL EVIDENCE

Evidence is either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact. Circumstantial or indirect evidence is evidence which, if believed, proves a fact, and from that fact you may logically and reasonably conclude that another fact exists. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. In considering this case, you will consider both direct and circumstantial evidence.

## DUTY OF JURY TO FIND FACTS: EVIDENCE, WEIGHT AND CREDIBILITY

You must determine whether or not a fact has been proved only from the evidence presented or from the lack of evidence. The evidence which you should consider consists of the testimony of witnesses and of exhibits such as writings and physical objects which the court has permitted the parties to introduce.

You must not consider any evidence which was not admitted, or which you were instructed to disregard, or to which an objection was sustained. Do not speculate as to what a witness would have said if permitted to answer the question, or as to the contents of a proposed exhibit to which an objection was sustained.

As jurors, you alone shall determine the weight and credibility of the evidence. As the sole judges of the credibility of witnesses and of the weight their testimony deserves, you should scrutinize carefully the testimony given and the circumstances under which the witness has testified. In evaluating the testimony of witnesses, you may consider their ability and opportunity to observe and remember the matter about which they testified, their manner while testifying, any

reason they may have for testifying in favor of or against the government or defendant, and the extent to which the testimony is supported or contradicted by other evidence.

You should not decide the case based on the number of witnesses who testified for either side. Nor should you reach a conclusion based on the volume of documentary evidence presented. Evidence is weighed, not counted. You must consider the relative convincing force of the evidence.

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you

think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## ACCOMPLICE – INFORMER – IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. Such testimony is always to be received with caution and weighed with great care.

You should not convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## GOVERNMENT AGENT AS WITNESS

You are required to evaluate the testimony of a government agent as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a government agent.

**TESTIMONY**

During the trial you heard the testimony of James Dolan and Antonio Panagiotareas, who expressed opinions concerning maritime engineering.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**ON OR ABOUT**

You will note that the indictment charges that the offense was committed "on or about" a specified date. The government does not have to prove that the crime charged was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the offense on a date reasonably near the date alleged.

**CAUTION – CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged against him. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## INDICTMENT NOT EVIDENCE

An indictment is a written, formal accusation against a defendant charging him with a crime. You are not to consider the indictment as evidence against the defendant. The filing of an indictment creates no inference that a defendant committed a crime.

## SUMMARIES AND CHARTS NOT IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

7

**TESTIMONY OF THE DEFENDANT AT TRIAL**

The testimony of a defendant at trial must be considered and should be weighed and his credibility evaluated in the same way as that of any other witness.

**DEFINITION – KNOWINGLY**

The word "knowingly," as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**DELIBERATE IGNORANCE**

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. This does not lessen the government's burden to show, beyond a reasonable doubt, that the knowledge elements of the crime have been satisfied.

**DEFINITION – WILLFULLY**

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law of the United States.

**Substantive Charges**

Now I will give you the law concerning the substantive counts in the indictment against the defendant.

First, some background information. The United States is a signatory to the 1973 International Convention for the Prevention of Pollution from Ships, as amended by the Protocol of 1978 relating to the International Convention for the Prevention of Pollution from Ship. These treaties are collectively called "MARPOL," an abbreviation for maritime pollution.

To implement MARPOL, Congress enacted the Act to Prevent Pollution from Ships ("APPS"). The APPS prohibits violations of MARPOL, the APPS, and related federal regulations. These laws require all oceangoing ships exceeding 400 gross tons to maintain an Oil Record Book, kept readily available for inspection at all reasonable times. Disposal of oil residue or discharge overboard or disposal otherwise of bilge water that has accumulated in machinery spaces are required to be recorded in the Oil Record Book. The master or other person having charge of a ship required to keep an Oil Record Book is responsible for the maintenance of such record. Each operation entered in the Oil Record Book is required to be signed by the person or persons in charge of the operations concerned, and each completed page is required to be signed by the master or other person having charge of the ship. The APPS and its regulations apply to foreign-flagged vessels only when they are in the navigable waters of the United States, or while at a port or terminal under the jurisdiction of the United States.

If anyone on the M/V Joanna discharged water with greater than 15 ppm oil into the ocean while outside of U.S. navigable waters, that might be inconsistent with MARPOL, but it would

9

not be a violation of United States criminal law. There are no charges in this case that there were any discharges of oil that violated United States law.

In all four counts of the indictment, the defendant has been charged with causing the commission of a crime. Under the law, a defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

### COUNT 1: Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a))
### Causation (18 U.S.C. § 2(b))

Count 1 of the Indictment charges that on or about March 11, 2021, at the Port of New Orleans, the defendant did knowingly and willfully cause the failure to maintain an accurate ORB for the MV JOANNA, in which quantities of oil residue, oily mixtures, and machinery space bilge water, and the discharge and disposal of these substances, were fully and accurately recorded, as required.

In order to convict the defendant of Count 1, the government must prove each of the following beyond a reasonable doubt:

*First*, that the M/V Joanna was a ship measuring 400 gross tons or more;

*Second*, that on or about March 11, 2021, in the Eastern District of Louisiana, the defendant knowingly and willfully caused the Master or other person having charge of the ship, upon entering the ports of navigable waters of the United States, to fail to maintain an accurate (or at least not knowingly inaccurate) Oil Record Book, in which all operations involving the transfer,

10

discharge, and disposal of oil residue, oily mixtures, and machinery space bilge water were fully and accurately recorded;

*Third*, that the failure to maintain the Oil Record Book occurred while the M/V JOANNA was in the navigable waters of, or at a port or terminal of, the United States. For purposes of this third element, I instruct you that the Port of New Orleans and the Mississippi River are within the navigable waters of the United States.

The Master or other person in charge of the ship is the person whose responsibility it is to maintain an accurate oil record book. It is also the law, that a person who does not have the responsibility can be charged with the crime of willfully causing another person (i.e., the Master) to fail to maintain an accurate oil record book.

To find that the defendant acted willfully, you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law of the United States.

**COUNT 2:** **Obstruction of Agency Proceedings (18 U.S.C. § 1505)**
**Causation (18 U.S.C. § 2(b))**

Count 2 of the Indictment charges that on or about March 11, 2021, at the Port of New Orleans, the defendant did corruptly influence, obstruct and impede, and caused to corruptly influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard, an agency within the Department of Homeland Security. Specifically, on or about March 11, 2021, during a U.S. Coast Guard inspection of the M/V Joanna to determine the vessel's compliance with MARPOL and U.S. Law, the defendant:

11

(1) made, used or presented or caused the presentation of an Oil Record Book that falsely reported that required pollution prevention equipment had been used properly when discharging oily bilge water;

(2) concealed or failed to disclose or caused the concealment or failure to disclose a broken component of the ship's incinerator and its inoperability; and

(3) concealed or failed to report or caused the concealment or failure to report a hazardous condition concerning the disabling of the fuel oil heaters pressure relief valves.

In order for you to convict the defendant on Count 2, the government must prove each of the following beyond a reasonable doubt:

*First*, that the defendant endeavored to influence, obstruct, or impede a pending proceeding;

*Second*, that the defendant did so corruptly; and

*Third*, that the defendant knew that there was a pending proceeding under law, namely, an inspection by the United States Coast Guard, an agency of the Department of Homeland Security, to determine the vessel's compliance with MARPOL and United States law.

The term "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering or destroying a document or other information.

For the purpose of this charge, you are hereby instructed that a Coast Guard port state control inspection is a proceeding.

In addition, this count charges that defendant willfully committed a crime involving misrepresentation because he asked a subordinate to countersign Oil Record Book entries made

12

and signed by the defendant to boost the trustworthiness of the entries. The defense contends that the defendant requested the subordinate to countersign entries because he understood company policy required two signatures for each entry. I instruct you that the law requires the signature of the person(s) in charge of the operations, but does not prohibit an additional signature by another party.

**COUNT 3:** **Obstruction of Justice (18 U.S.C. § 1519)**
**Causation (18 U.S.C. § 2(b))**

Count 3 of the Indictment charges that on or about March 11, 2021, at the Port of New Orleans, the defendant did knowingly conceal, cover up, and falsify, and make false entries or omissions in the Oil Record Book for the M/V JOANNA that concealed the disposal or discharge of oil residue, oily mixtures, or machinery space bilge water, or contained co-signed entries of a subordinate engineer vouching for engine room operations that he did not perform or of which he did not have personal knowledge, with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the U.S. Coast Guard and the Department of Homeland Security, and in relation to or in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with MARPOL and United States law, in violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2(b).

In order for you to convict the defendant on Count 3, the government must prove each of the following beyond a reasonable doubt:

*First*, that the defendant knowingly concealed, covered up, falsified, or made a false entry in the Oil Record Book of the M/V Joanna;

13

*Second*, that the defendant acted with intent to impede, obstruct, or influence the investigation or proper administration of the U.S. Coast Guard Port State Control vessel examination and inspection, or in relation to or in contemplation of such a U.S. Coast Guard Port State Control vessel examination and inspection to determine compliance with MARPOL and United States law; and

*Third*, that the matter was within the jurisdiction of the U.S. Coast Guard, a component of the Department of Homeland Security of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find the defendant knew he was obstructing, impeding, or influencing a matter that was federal in nature.

In addition, like Count 2, this count charges that defendant willfully committed a crime involving misrepresentation because he asked a subordinate to countersign Oil Record Book entries made by and signed by the defendant to boost the trustworthiness of the entries. I instruct you that the law requires the signature of the person(s) in charge of the operations, but does not prohibit an additional signature by another party.

**COUNT 4:   Ports & Waterways Safety Act ("PWSA") (46 U.S.C. § 70036(b)(1))
            Causation (18 U.S.C. 2(b))**

Count 4 of the Indictment charges that between on or about March 6, 2021, and on or about March 11, 2021, at the Port of New Orleans, the defendant knowingly and willfully failed

14

or caused the failure to immediately notify the nearest U.S. Coast Guard Sector that one or more hazardous conditions existed aboard the M/V Joanna while the ship was in the navigable waters of the United States.

Specifically, while the M/V Joanna was in the Port of New Orleans and Mississippi River, defendant was aware of a hazardous condition aboard the vessel that may have adversely affected the safety of any vessel, bridge, structure or shore area, or the environmental quality of any port, harbor, or navigable waterway of the United States, specifically that: (1) the discharge line downstream from the fuel-oil heaters and pressure relief valves was disconnected and crimped closed causing both pressure relief valves coming off the fuel-oil heaters to be disabled and inoperable; (2) a pressure relief valve on a fuel oil heater was not working properly; and (3) there was an active leak of fuel-oil in the Purifier Room emanating from the fuel-oil heaters and pressure relief valves.

The phrase "hazardous condition" means any condition that may adversely affect the safety of any vessel, bridge, structure, or shore area or the environmental quality of any port, harbor, or navigable waterway of the United States. It may, but need not, involve collision, allision, fire, explosion, grounding, leaking, damage, injury or illness of a person aboard, or manning-shortage.

The term "immediately" means without delay.

In order for you to convict the defendant on Count 4, the government must prove each of the following beyond a reasonable doubt:

*First*, that a hazardous condition or operation existed on board the M/V Joanna;

*Second*, that the owner, agent, master, operator, or other person in charge of the M/V

Joanna failed to immediately notify the Coast Guard of this hazardous condition or operation;

*Third*, that the defendant, knowing of the hazardous condition or operation, caused the owner, agent, master, operator, or other person in charge of the M/V Joanna to fail to immediately notify the Coast Guard.

*Fourth*, that the vessel was bound for or departing from a port or place within the navigable waters of the United States. For purposes of this element, I instruct you that the Port of New Orleans and the Mississippi River are within the navigable waters of the United States;

*Fifth*, the defendant acted willfully and knowingly.

## USE OF NOTES

During the course of the trial, you have been allowed to take notes. Your notes are only aids to your memory. If your own independent recollection of the facts differs from your notes, follow your own independent recollection.

## DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, all twelve of you must agree. Your verdict must be unanimous. You will note that each count of the indictment lists multiple means by which the defendant committed the offense. The government does not have to prove each of the different means for you to return a guilty verdict on each charge. Proof beyond a reasonable doubt on one means is enough for each count. But in order to return a guilty verdict, all of you must agree that the same means has been proved.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an

impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are the judges – the judges of the facts.

When you go to the jury room, the first thing that you should do is select one of your number as the presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

You will be given this verdict form.

[Explain verdict form.]

When you have reached a unanimous decision, the presiding juror will so indicate on the form provided. The presiding juror must date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the question and give it to the marshal. After consulting with the attorneys, I will bring you back into the court to answer your question.

Thank you. Would the marshal please escort the jury to the jury deliberation room?